**Harold WOOLSEY, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24884.**

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1967.

William E. Gray, Houston, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JONES, WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

Woolsey was convicted in 1954 and again in 1957 of the offense of burglary by state courts of the State of Texas. His 1957 conviction was based upon a plea of guilty. While being conducted to the state penitentiary to serve the sentence for the second conviction, the appellant made an attack upon his custodian, a deputy sheriff, and escaped. He was captured and convicted of an assault with intent to murder the officer. He was found guilty by the jury and his punishment was increased by reason of the two prior felony convictions and was fixed at life imprisonment.

In seeking habeas corpus relief the appellant asserts that when he was taken into custody following his escape, he was not permitted to have anything to write on or with, that he was not permitted to communicate with counsel and that this resulted in his inability to appeal from his 1957 burglary conviction. He urges that if an appeal had been taken from his burglary conviction and if it had been reversed, the life sentence on the assault charge would have been improper, that any authorized sentence would now

have been served and that he is thus entitled to be released from custody.

At the hearing in the district court it was claimed by the appellant that he would have taken an appeal if he had been permitted to do so within the time allowed. The State takes the position that it was unlikely that any appeal was contemplated in view of appellant's plea of guilty to the burglary charge. The State presented an affidavit made by the warden of the penitentiary where the appellant was confined, stating that the appellant was not denied the opportunity of filing a notice of appeal or of seeing a lawyer. The appellant requested permission to take a deposition from the warden but the request was denied. The Attorney General for the State of Texas has filed in this Court its motion to remand or, in the alternative, for affirmance. The State, with commendable candor, admits that under the circumstances a remand would be proper so as to permit a further development of the facts. We think it appropriate that the motion to remand be granted. Upon an additional hearing of the cause, the appellant will have the opportunity, by deposition or otherwise, to inquire further into the knowledge of the warden with respect to the appellant's contentions and will afford both the appellant and the appellee an opportunity to adduce whatever other evidence may be available bearing upon the issues.

It is urged that the district court should have made findings of fact and conclusions of law. We do not find it necessary to decide, on this appeal, whether or not findings and conclusions are required in all habeas corpus cases where an evidentiary hearing has been held. We only observe that this seems to be a case where findings and conclusions would be appropriate. The motion of the appellee to remand is granted, the judgment is vacated and such further proceedings shall be held as may be proper to give effect to this opinion.

Judgment vacated. Motion to remand granted.