Clemmon D. WATERS, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 24803.

United States Court of Appeals
Fifth Circuit.

March 28, 1968.

Minor L. Helm, Jr., Waco, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., Robert E. Owen, Asst. Atty. Gen., Austin, Tex., for appellee.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

On November 20, 1957, after a jury trial in the District Court of Limestone County, Texas, Clemmon D. Waters was convicted of murder with malice and sentenced to thirty years in the state penitentiary. He did not take a direct appeal. His application for writ of habeas corpus was denied without written opinion on May 23, 1966, by the Texas Court of Criminal Appeals. On March 23, 1967, the United States District Court for the Western District of Texas entered an order denying habeas relief after an evidentiary hearing. We vacate the judgment of the district court and remand for dismissal without prejudice to appellant's right to seek relief in the Texas court in which he was originally tried and convicted.

The relevant facts are that appellant and a woman were discovered in a dark room by Pearlie May Waters, appellant's wife. A scuffle ensued in which Mrs. Waters was stabbed to death by either appellant or Margaret Marie Smith, the other woman. According to appellant's testimony at the hearing in the court below, both he and Miss Smith testified in state court, each saying or implying that the other inflicted the fatal wound. The first trial resulted in a hung jury; the second, in appellant's conviction.

█ Court-appointed counsel argues that Waters was denied a fair trial because the prosecutor knowingly withheld a confession or statement in the nature of confession signed by Margaret Marie Smith shortly after arrest. Moreover, he asserts that the federal district court erred in failing to obtain the state-court record for the purpose of determining whether Miss Smith's testimony was inconsistent with her statement.[1] In making this argument, counsel relies on the principle established in Napue v. People of State of Illinois, 1959, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 and followed by this Court in Powell v. Wiman, 5th Cir. 1961, 287 F.2d 275: A conviction obtained through use of false testimony, known to be false by the prosecuting attorney, is inconsistent with due process even if the testimony goes only to the credibility of a particular witness.

The State's position is that there is no factual basis for appellant's contentions. At the hearing in the court below, Waters testified that he was denied a fair trial because the prosecutor did not reveal Miss Smith's confession. The trial judge then asked Waters' lawyer whether he had read the statement and, if so, whether it was a confession. The lawyer answered that he had read a conformed copy of the statement but that it skirted around the point of who committed the murder. On the basis of this exchange, the State concludes that Miss Smith's testimony pointing an accusing finger at Waters was not known to be false by the prosecutor because she did not confess to the murder in her statement. That is, the prosecutor had no reason to believe her testimony to be false since her statement and testimony were not inconsistent. The State makes the further argument that there was no suppression of evidence by the prosecutor inasmuch as Waters and his lawyer knew about the statement at the time of trial.

██ We are unable to affirm the district court because the order denying habeas relief was unaccompanied by findings of fact and conclusions of law. As in the recent case of Woolsey v. Beto, 5th Cir. 1967, 387 F.2d 138, December 13, 1967, we think this is a case where findings and conclusions would be appropriate.[2] We also think

1. There is no question that a federal district court sitting in habeas corpus has the power to compel production of the state-court record. Townsend v. Sain, 1963, 372 U.S. 293, 318–319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770.

2. The necessity for findings of fact and conclusions of law in habeas-corpus proceedings is discussed in 2B Barron & Holtzoff § 1133, at 488 (Wright ed. 1961):

In habeas corpus proceedings it seems clear that findings of fact are required. Some cases have indicated that the provision of Rule 52 requiring findings of fact does not apply in habeas corpus proceedings. However, the Supreme Court in at least two cases, without citing this rule, has reversed orders in habeas corpus proceedings and remanded them to the district court for specific findings of fact. Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Holiday v. Johnston, 1941, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. The Court of Appeals for the Seventh Circuit has also held that findings are necessary. Tucker v. Howard, 7th Cir. 1949, 177 F.2d 494. And the Court of Appeals for the District of Columbia has held it "imperative" that denial of leave to file a petition for habeas corpus or denial of the writ itself be accompanied by the expression of the reasons for the denial either by informal memorandum, by recitals in an order, or by findings. Tatem v. United States, D.C.Cir. 1960, 275 F.2d 894. These cases are sup-

that an additional hearing of the cause will be necessary in order to permit a further development of the facts. Counsel on appeal has uncovered the actual statement signed by Miss Smith, which he says will shed more light on the case than did the conformed copy in the hands of the lawyer who represented Waters at the hearing in the court below. The state trial court should exercise its inherent power to compel production of the statement and should study it in light of the woman's testimony at the trial which resulted in appellant's conviction. Also, there should be additional testimony on the question of how much Waters and his lawyer knew about the statement at the time of trial so that the legal effect of their knowledge can be properly assayed.

■ Rather than return the case to the district court for additional testimony and appropriate findings, we follow the course taken by this Court in Texas v. Payton, 5th Cir. 1968, 390 F.2d 261, February 12, 1968. In *Payton,* as in this case, the federal district court had conducted an evidentiary hearing; but there had never been a hearing in the convicting state court. Since Article 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure now provides for such a hearing, the Court, applying principles of comity, remanded the case to the district court with directions to dismiss without prejudice to the applicant's right to reapply for relief to the state court in which he was convicted. We do the same. The state court in which Waters was convicted can make the findings of fact contemplated by Article 11.07, using the transcripts of the trial, the hearing on the application conducted in the court below, and an additional hearing. Conclusions of law can be drawn from these facts and the whole record can be reviewed, and any relief granted, by the Texas Court of Criminal Appeals as set out in Ex parte Young,

418 S.W.2d 824 (Tex.Crim.App. September 14, 1967).

The judgment below is vacated and the case is remanded, with instructions to dismiss the writ without prejudice to Waters to reapply in the state court in which he was convicted.

---

ported inferentially by the decisions saying that the provision of Rule 52 (a) that findings of fact shall not be

set aside unless clearly erroneous applies to habeas corpus proceedings.