Dennis **WOODBURY**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 24870.

United States Court of Appeals
Fifth Circuit.

May 14, 1968.

Stanley S. Crooks, Dallas, Tex., for appellant.

Robert E. Owen, Asst. Atty. Gen., Austin, Tex., Thomas Keever, Asst. Atty. Gen., Houston, Tex., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst., R. L. Lattimore, Howard M. Fender, Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

This appeal is from a judgment dismissing without a plenary hearing an application for writ of habeas corpus. We vacate the judgment and remand for dismissal without prejudice to appellant's right to seek relief in the Texas court in which he was originally tried and convicted.

Among other grounds, the application alleges that involuntary statements and actions which were coerced were used in the appellant's trial to obtain a conviction. For example, the application contains the following averments.

"After one day of constant questioning by San Antonio Police, petitioner was transferred 300 miles distant to Smith County Jail, where petitioner suffered physical and mental abuse, interrogation, some 50 to 60 hours of incommunicado detention, denied contact with wife, or any counsel, never taken before magistrate as required by law, so said magistrate could advise petitioner of his rights. Petitioner threatened that his 7 months pregnant wife was to be jailed for transporting narcoticts (sic), promised that he would be released and allowed to call wife and attorney, only if he aided officers to locate deceased's body. Petitioner finally acceded under pressure of officer's demands, and promises, and petitioner's statements and actions were illegally used as evidence against him by the State to obtain said invalid conviction."

Upon his trial, evidence was introduced that the appellant led the officers to the body of the man he was convicted of killing and made the statement: "There he is. What are you going to do with him?" The appellant was found guilty of murder with malice and sentenced to serve not less than two years nor more than life in the State Penitentiary. The Court of Criminal Appeals of Texas affirmed the judgment. Woodbury v. State of Texas, 1962, 172 Tex.Cr.R. 379, 357 S.W.2d 399.

■ Appellant first filed an application for writ of habeas corpus in a Texas district court, which application was denied with instructions to file in the Court of Criminal Appeals. Appellant then filed his application for habeas corpus with the Texas Court of Criminal Appeals. This application was denied without written order on August 31, 1965. Despite such denial, we conclude that the appellant should be required to pursue the presently available Texas postconviction procedure as fully described in State of Texas v. Payton, 5th Cir., 1968, 390 F.2d 261. See also Waters v. Beto, 5th Cir., 1968, 392 F.2d 74; Beto v. Conley, 5th Cir., 1968, 393 F.2d 497.

■ We think the district court erred in dismissing the application for habeas corpus without a plenary hearing. See Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. While the appellant's counsel did not object to appellant's admissions on the ground that they were involuntarily obtained, it is by no means clear that the appellant, after

consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal rights in the State courts. See Fay v. Noia, 1963, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837.

The judgment of the district court is vacated and the case is remanded with instructions to dismiss the application for writ of habeas corpus without prejudice to the appellant, Woodbury, to reapply in the State court in which he was convicted.

Vacated and remanded with directions.