**Robert Vernon BRUCE, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25341.**

United States Court of Appeals
Fifth Circuit.

May 27, 1968.

Robert Vernon Bruce, pro se.

Robert E. Owen, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., Hawthorne Phillips, Lonny F. Zwiener, Asst. Attys. Gen., George M. Cowden, First Asst. Atty. Gen., R. L. Lattimore, Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Appellant, a state prisoner appealing from the denial of the Writ of Habeas Corpus by the court below, was convicted of murder with malice of his wife, and the jury set the punishment at life imprisonment. Appellant was sentenced on November 2, 1965, and on direct appeal the judgment was affirmed. Bruce v. State, 402 S.W.2d 919 (Tex.Cr.App. 1966). His application for Writ of Habeas Corpus to the Texas Court of Criminal Appeals was denied without a hearing. The Petition for Writ of Habeas Corpus to the United States District Court for the Northern District of Tex-

as was filed on December 6, 1966. After a response to the petition, counsel was appointed and a full evidentiary hearing was held on August 23, 1967. The District Court entered findings of fact and conclusions of law on August 25, 1967, and denied the writ.

 Appellant exhausted all state remedies available at the time of his application for habeas corpus. Subsequently, Article 11.07, Texas Code of Criminal Procedure (1965) was amended, effective August 28, 1967. The statute now provides for a full hearing on contested issues of fact in the Texas District Court where the applicant was convicted, with findings of fact and conclusions of law filed in the Court of Criminal Appeals. Ex Parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967). This Court has held that this procedure should be followed even when an evidentiary hearing has already been completed in the federal district court. State of Texas v. Payton, 390 F.2d 261 (5th Cir. 1968). We recognize that the exhaustion principle is a matter of comity and not a matter of jurisdiction. Whippler v. Balkcom, 342 F.2d 388, 390 (5th Cir. 1965); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). We also note that an application may be *denied* on the merits if requiring a petitioner to exhaust his postconviction state remedies would amount to a futile act. Hill v. Beto, 390 F.2d 640 (5th Cir. 1968). The peculiar circumstances in the present case indicate a need to reexamine the facts in controversy. This can best be done in the state court wherein Appellant was originally convicted.

Appellant's contentions in his petition were (1) that he was insane at the time of the offense, (2) that he was insane at the time of trial, (3) that his attorney was incompetent, (4) that he did not have the ability to waive the defense of insanity, and (5) that due process required the State of Texas to raise the defense of insanity for him.

In finding that Appellant was competent to stand trial and was sane at the time of the offense, the District Court relied heavily on the records from Terrell State Hospital where Appellant had been committed. The psychiatrist who testified at the evidentiary hearing also relied on those records. (R. 69–73). In an amicus curiae brief, a former counsel of Appellant has indicated that the doctor who recommended Appellant's release from Terrell State Hospital is presently under indictment in the State of Texas for posing as a medical doctor when, in fact he was unqualified to practice medicine. In his reply, Appellee has failed substantially to controvert the suggestion of the amicus. We do not have available the records from Terrell State Hospital, admitted as evidence before the District Court. A question of this nature, raised for the first time on appeal, can be resolved in a more orderly fashion by taking advantage of the state remedy recently provided by the State of Texas.

The judgment below is vacated and the case is remanded, with instructions to dismiss the writ without prejudice to Appellant to reapply in the state court in which he was convicted.

GODBOLD, Circuit Judge (specially concurring):

I concur in the opinion and the result but refer also to what seems to me an additional and important problem on which guidance of the courts is needed, and I am confident desired, by counsel for defendants whose sanity is in question, in order that they may discharge their obligations of representation meeting constitutional standards of effectiveness.

When the sanity of the accused is in question may counsel accept the direction of the family of the accused that a plea of not guilty by reason of insanity not be interposed? May counsel accept employment at the instance of the family on condition that such a plea not be entered, having knowledge that previous

counsel has been discharged by the family for unwillingness to accede to that condition? Is such a situation cured by the direction of the accused himself that the plea of not guilty by reason of insanity will not be entered?