**Arthur E. STEPP, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24816.**

United States Court of Appeals
Fifth Circuit.

July 11, 1968.

John P. Farra, Houston, Tex., for appellant.

J. Betsy Lewallen, Lonny F. Zwiener, Atty. Gen. of Texas, Austin, Tex., for appellee.

Before GOLDBERG and CLAYTON, Circuit Judges, and HANNAY, District Judge.

PER CURIAM:

Habeas corpus petitioner, Stepp, is presently serving shorter State of Texas concurrent sentences [1] which the district court and we found to be valid. Hence, the district judge and this court declined to consider Stepp's attack on a concurrent life sentence [2] which was imposed upon him after a conviction for robbery by firearms in Denton County, Texas, in December, 1961, under the authority of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), and upon the basis that the Great Writ was not available to "one who is properly in custody under a sentence other than the one attacked." [3]

 Shaking the concepts of McNally, the Supreme Court held in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 [May 20, 1968], that a prisoner is "in custody" for the purpose of the habeas statute [4] "if any consecutive sentence [he is] scheduled to serve was imposed as the result of a deprivation of constitutional rights". Reconsideration of the facts sub judice in the light of Peyton has convinced us that it applies here. There is a difference, but without a distinction. The longer of two or more concurrent sentences is in reality, as we see it, in exactly the same situation Peyton-wise as is the second of two sentences which were imposed to be served consecutively, when the petitioner is serving within the limits of the shorter sentence. Thus, Stepp has a right, under the authority of Peyton, to have the constitu-

tional validity of his conviction and the sentence imposed thereon in Denton County, Texas, for robbery with firearms, tested in a proper post-conviction proceeding either in the district court, in these habeas corpus proceedings, or in the proper state court of Texas under Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure. Consistently with what this court has done heretofore and believing as we do that the state convicting court is well equipped to provide the full hearing to which Stepp is now entitled on the contested issues of fact which necessarily will be present in such a hearing and that the Texas district courts share responsibility with the federal courts to protect the rights of Stepp under the federal constitution, we again take advantage of this opportunity to fall fully behind the procedures envisioned by the Texas Court of Criminal Appeals in Ex Parte Young, 418 S.W.2d 824 (1967). To do this, we withdraw and vacate this court's opinion of May 31, 1968, in this case and put the fact finding responsibility, which now exists in light of Peyton, on the Texas courts where, for the time being at least, it properly belongs. State of Texas et al. v. Payton, 390 F.2d 261 (5 Cir. 1968); Waters v. Beto, 392 F.2d 74 (5 Cir. 1968) and Beto v. Conley, 393 F.2d 497 (5 Cir. 1968). See also, Peters v. Rutledge, 397 F.2d 731 (5 Cir. 1968); Milton v. Wainwright, 396 F.2d 214 (5 Cir. 1968).

To prevent misunderstanding and avoid conflict between state and federal interpretations of what we do here today, we will, as we should pragmatically, vacate the judgment of the district court in

1. In December, 1961, Stepp was convicted on pleas of guilty in Tarrant County, Texas, on two counts of robbery and one count of felony theft. A sentence of 25 years was imposed on each of the robbery cases, and one of 5 years was imposed on the felony theft case. All were to be served concurrently.

2. Stepp had been convicted of burglary in Ellis County, Texas, in 1954. This conviction was used for enhancement to permit imposition of the life sentence in 1961.

3. On May 23, 1968, this panel filed with the clerk of this court its Per Curiam opinion for publication and release. That opinion was published on May 31, 1968. Before either of those dates, the Supreme Court had decided Peyton v. Rowe (cited in the opinion, infra) which was not before us at the time of our original decision. Peyton was decided on May 21, 1968.

4. 28 U.S.C. § 2241.

its entirety so that it can have no conceivable bearing upon any future consideration or determination of the validity vel non of any of the five Stepp convictions aforementioned. This is not to indicate that the experienced district judge was in error in any way at the time when he dealt with this case originally. He could not, nor could we, foresee *Peyton*.

The district court judgment is *vacated,* and the case is *remanded* with directions to dismiss the petition upon which these proceedings began without prejudice to Stepp's right to now apply to state court or courts as may be appropriate, for the relief sought.

Vacated and remanded with directions.