**William E. LYDY, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25180.**

United States Court of Appeals
Fifth Circuit.

Aug. 2, 1968.

George W. Bramblett, Jr., Dallas, Tex., for appellant.

Douglas H. Chilton, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

THORNBERRY, Circuit Judge:

William E. Lydy, a state prisoner, appeals from the denial of his petition for writ of habeas corpus. After an evidentiary hearing, the district court sustained the validity of one of four concurrent sentences presently being served and then held that under McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, it would be premature to pass on the validity of the remaining sentences.

On February 22, 1962, petitioner was arrested in Grand Prairie, Texas. A search of his automobile uncovered items which connected him with robberies in the Dallas area. Subsequently he signed confessions. In his first two trials, he pled not guilty but was convicted. In his last three, he entered guilty pleas. A five-year sentence imposed after the first conviction has already been served. Presently, Lydy is under two sentences for forty years, one for thirty-five, and another for seventeen. He contends that all of them are void because they are predicated on coerced confessions that resulted from an unreasonable search and seizure. The district court did not weigh the merits of this argument because it found that petitioner entered a voluntary plea of guilty to the charge for which a seventeen-year sentence was assessed. See Busby v. Holman, 5th Cir. 1966, 356 F.2d 75.

With the passing of McNally v. Hill into history, Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (U.S. May 20, 1968), the prematurity doctrines fashioned after it become subject to question. In this case the State argues that Peyton v. Rowe involves consecutive sentences and therefore does not affect the prematurity rules controlling concurrent sentences. That this reading is oversimplified is demonstrated by a few important comments in the opinion:

> Clearly, to the extent that the rule of McNally postpones plenary consideration of issues by the district courts, it undermines the character of the writ of habeas corpus as the instrument for resolving fact issues not adequately developed in the original proceedings.

\*　\*　\*　\*　\*　\*

> Common sense dictates that prisoners seeking habeas corpus relief after exhausting state remedies should be able to do so at the earliest practicable time.

\*　\*　\*　\*　\*　\*

> However, in common understanding "custody" comprehends respondents' status for the entire duration of their imprisonment. Practically speaking, Rowe is in custody for 50 years, or for the aggregate of his 30- and 20-year sentences. For purposes of parole eligibility, under Virginia law he is incarcerated for 50 years. \*　\*　\* Nothing on the face of § 2241 militates against an interpretation which views Rowe and Thacker as being "in custody" under the aggregate of the consecutive sentences imposed on them.

\*　\*　\*　\*　\*　\*

> Though McNally held only that the petitioner did not meet the custody requirements of the statute, see Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968), that holding rested in part on the premise that physical discharge from custody is the only relief available in a habeas corpus proceeding. But the statute does not deny federal courts power to fashion appropriate relief other than

immediate release. Since 1875, the habeas corpus statute has directed the courts to determine the facts and dispose of the case summarily, "as law and justice require."

88 S.Ct. at 1554. Rejecting the argument that the petitioner Robert Rowe had not begun to serve the sentence under attack, that is the twenty-year sentence which was to begin to run after the thirty-year sentence had been served, the Supreme Court held that he was "in custody" for the aggregate of the consecutive sentences. Likewise, petitioner in this case is "in custody" for forty years, the longest of the concurrent sentences imposed. For purposes of parole eligibility, he is incarcerated for forty years. Vernon's Ann.Tex.Code Crim.P. art. 42.12, § 15 (1966). Thus under Peyton v. Rowe, it was error for the district court to consider the validity of the shortest of the concurrent sentences being served (seventeen years) while ignoring the longest on the ground of prematurity. One reason for considering the longer sentences now rather than after the shortest has been served is that fact issues not adequately developed in the original proceedings should be resolved in a habeas proceeding at the earliest practicable time. From the standpoint of producing witnesses and developing evidence, this policy benefits the State and the prisoner. A second reason is that the longest sentence determines the parole-eligibility date. If petitioner succeeds in establishing the invalidity of his forty-year sentence and in reducing his maximum to thirty-five or even seventeen years, his parole-eligibility date will be advanced considerably. Under Peyton v. Rowe, courts sitting in habeas corpus must bear in mind the possibility of this kind of relief. A third reason is that if petitioner must serve the shortest sentence before attacking the longer ones, then at such time as he is able to challenge them, each day he spends in prison while his case is in the courts will be time that he might properly have enjoyed as a free man.

The sum of the situation is that the judgment of the district court must be reversed and the case remanded for further consideration in light of Peyton v. Rowe. See, e. g., Cloud v. State of Louisiana, 5th Cir. 1968, 397 F.2d 252 [June 19, 1968]. Since petitioner has never had an evidentiary hearing in the convicting state court and even though the federal district court conducted a hearing, a further step is required by State of Texas v. Payton, 5th Cir. 1968, 390 F.2d 261. Accordingly, the case is remanded with directions to dismiss the writ without prejudice to the applicant's right to reapply for relief to the state court in which he was convicted. See Waters v. Beto, 5th Cir. 1968, 392 F.2d 74. The state court can make the findings of fact contemplated by Article 11.-07 of the Texas Code of Criminal Procedure, using the transcripts of the trial, the hearing on the application conducted in the court below, and an additional hearing. We emphasize that in vacating the judgment, we vacate the finding which upheld the seventeen-year sentence. We do this to avoid conflict between state and federal interpretations of the law and to give the state courts a free hand in dealing with Lydy's convictions. We do not mean to imply that the district judge erred in upholding the seventeen-year sentence. See Stepp v. Beto, 5th Cir. 1968, 398 F.2d 814 [July 11, 1968].

The judgment below is vacated and the case remanded, with instructions to dismiss the writ without prejudice to Lydy to reapply in the state court in which he was convicted.