**John Robert WELCH, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24512.**

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1968.

Rehearing Denied Sept. 3, 1968.

Shannon H. Ratliff, Austin, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JONES, WISDOM, and THORNBERRY, Circuit Judges.

WISDOM, Circuit Judge:

In April 1953 in the District Court of Travis County, Texas, the petitioner, John Robert Welch, pleaded guilty to the offense of rape of a female under the age of 18. He was sentenced to life imprisonment. He took no appeal at that time. Nearly 12 years later, he filed a petition for a writ of habeas corpus in the Texas Court of Criminal Appeals, the only state post-conviction remedy then available to him. The court denied his petition without opinion on April 2, 1965. Shortly thereafter he filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas. After several amendments of the petition, and the court's determination that a hearing should be held, the court transferred the case to the Western District of Texas, Austin Division, under the provisions of 28 U.S.C. § 2241(d), since that district includes Travis County. After a hearing, the district court entered an order, January 10, 1967, denying the writ. The petitioner appeals from that order.

Welch contended in the petition and the hearing that (1) he had inadequate court-appointed counsel, (2) that his guilty plea and a confession were coerced, and (3) that his arrest was illegal. Neither Welch nor the State developed in any detail the facts relating to Welch's contentions, possibly because the hearing took place nearly 14 years after the original plea of guilty.

Five days after the habeas hearing, the district court entered a brief order

denying the petition.[1] As far as the record reveals, the court made no findings of fact and stated no conclusions of law.

We take advantage of this opportunity to reiterate that a habeas corpus proceeding is a civil action and is governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52(a) requires the court to "find the facts specially and state separately its conclusions of law thereon" in all actions tried upon the facts without a jury, as in habeas hearings. In Waters v. Beto, 5 Cir. 1968, 392 F.2d 74, n. 2, we stated that "we are unable to affirm the district court because the order denying habeas relief was unaccompanied by findings of fact and conclusions of law." See also Litton v. Beto, 5 Cir. 1967, 386 F.2d 820; Woolsey v. Beto, 5 Cir. 1967, 387 F.2d 138; Giles v. State of Alabama, 5 Cir. 1967, 384 F.2d 383; 2B Barron & Holtzoff, Federal Practice and Procedure § 1133, at 488 (Wright ed. 1961).

■ This Court does not sit as a fact finder. Our function is to review fact determinations and legal conclusions made by lower tribunals. It is difficult if not impossible for this Court to perform its reviewing function when we are presented with no stated reasons for the result reached by the district court. When we have before us only a cold transcript, we cannot know which witnesses the district judge found reliable and which he considered unreliable. We cannot be certain whether the decision was based on the substantive merits of the case or on a procedural flaw. In short, we are deprived of the benefits of the district court's firsthand contact with the case.

■ This case would have to be remanded for further development of the facts and to enable the district court to make findings of fact and state conclusions of law. However, we consider it appropriate to follow the procedure we adopted in Waters v. Beto in a similar situation. At the time Welch filed his habeas petition, he had exhausted the Texas remedies then available. Since then Texas has enacted new post-conviction proceedings. Article 11.07 of the Code of Criminal Procedure provides for a hearing in the state court where the petitioner was originally convicted, and requires the entrance of findings of fact by that court, in order to permit meaningful review of the case by the Court of Criminal Appeals. This Court, in Waters v. Beto and in other cases,[2] committed itself to the principle of allowing a state to utilize its post-conviction procedures for purposes of holding a hearing in the convicting state court. We reaffirm that commitment here. The state court will have available the original records of the trial, the record of the hearing held below, and will be able to hold such additional hearings as may be considered necessary.

Accordingly, the judgment below is vacated and the case is remanded, with instructions to dismiss the writ without prejudice to Welch to reapply for relief in the state court in which he was convicted, and, of course, without prejudice to a later application for habeas corpus in the federal court should that be necessary after the state remedy is exhausted.

1. The entire order reads as follows:

The Petition for Habeas Corpus having come to attention of the Court, and the Court having considered same, is of the opinion that same is without merit;

It is therefore ORDERED by the Court that the same be and is hereby denied.

ENTERED on this, the 10th day of January, 1967 in Austin, Texas.

2. *See* Henderson v. Dutton, 5 Cir. 1968, 397 F.2d 375 [June 24]; Milton v. Wainwright, 5 Cir. 1968, 396 F.2d 214 [June 5]; Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731 [June 6]; Bruce v. Beto, 5 Cir. 1968, 396 F.2d 212 [May 27]; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. Where the hearing was adequate, the issues clear on appeal, and no ground for the issuance of the writ is found, we have affirmed without considering it necessary to return the prisoner to the state courts for a performance of what has already been done. *See* Hill v. Beto, 5 Cir. 1968, 390 F.2d 640.