**Emmitt Monroe SPENCER, Appellant,**

v.

**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

No. 24910.

United States Court of Appeals Fifth Circuit.

Nov. 22, 1968.

Albert Datz, Jacksonville, Fla., for appellant.

George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, CLAYTON*, Circuit Judge, and CHOATE, District Judge.

JOHN R. BROWN, Chief Judge:

Appellant Spencer seeks review of an order of the Federal District Court denying his petition for habeas corpus. In 1960 Spencer was convicted in a Florida State Court of first degree murder and sentenced to die in the electric chair. The Supreme Court of Florida affirmed his conviction. Spencer v. State, Fla., 1961, 133 So.2d 729. Appellant raises a massive assault founded on his claim that he was denied counsel during prolonged interrogation which resulted in a confession, the confession was not voluntary, and that his court-appointed counsel in the State Court rendered ineffective assistance, thus denying his Sixth and Fourteenth Amendment rights. Because we find that Spencer has failed to exhaust his available State remedies, we vacate the judgment of the Federal District Court without prejudice to Spencer to apply for relief in the Florida State Courts.

▆ Under the umbrella of Spencer's broad assertion that he was denied the effective assistance of counsel, he raises many specific and serious claims, some of which depend on an authoritative pronouncement of Florida law, and none of which have been presented to the Florida Courts either on appeal or by habeas corpus. Among the issues raised are these. (1) The confession introduced at Spencer's State Court Trial was involuntary and was extracted from him during a prolonged period of interrogation under coercive circumstances without benefit of counsel. (2) He should have been granted a change of venue due to massive pretrial publicity (even at this late date the parties differ in their interpretation of the Florida venue statutes). (3) The inadequacy of the voir dire examination of the prospective jurors. (4) The illegality of a post-arrest search and seizure made without a warrant and the admission of evidence seized in that search. (5) The status of Mary Hampton (who Spencer claims is his common law wife) and her competency to testify against him. (6) The introduction of prejudicial evidence of other crimes. And (7) the failure of defense counsel to request any jury instructions. Spencer has failed to raise these contentions either on appeal to the Florida Supreme Court or by a motion under Florida's post-conviction procedure rule. Thus he has not exhausted an available state post-conviction remedy as required by 28 U.S.C.A. § 2254.

▆ On April 1, 1963, Fla.R.Crim. P. 1 (now Rule 1.850, 33 F.S.A.) became effective.[1] This rule is patterned after its Federal counterpart 28 U.S.C.A. § 2255. This post-conviction remedy which

---

1. Fla.R.Crim.P. 1.850.

"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall

was available to Spencer before he filed his writ of habeas corpus in Federal Court[2] provides sweeping relief from any sentence imposed in violation of the Constitution or laws of the United States or of the State of Florida, or any sentence otherwise subject to collateral attack. A prisoner is entitled to apply to the sentencing court for relief *at any time*. The sentencing court has broad powers to vacate the sentence, discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence in any appropriate way. There is no doubt that Florida has provided an effective, efficient post-conviction remedy which will afford Spencer a full review of his claimed errors.[3]

In the interest of comity we must as to all of the issues now asserted, put the fact finding and law finding responsibility squarely on the Florida Courts where, initially at least, it belongs. We do not intimate even a possible whisper of a hint of a suggestion as to how these contentions will be resolved. However, in the setting of this case, they are extremely serious and warrant appropriate judicial inquiry and determination. The remedy prescribed and open-mindedly administered by the Florida Courts will afford Spencer an opportunity to present his contentions adequately and fully develop them in evidentiary hearings as required. This gives full effectiveness to our current practices for Florida,[4] as

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This rule shall not apply to municipal courts."

See In re Criminal Procedure, Rule No. 1, Fla., 1963, 151 So.2d 634, 635.

2. Fla.R.Crim.P. 1.850 became effective April 1, 1963. Spencer filed his writ of habeas corpus in Federal District Court on April 2, 1963. The result would be the same even if the dates were reversed. We do not send Spencer back to the Florida Courts on the mere technicality that Florida's post-conviction remedy became effective on the *day before* Spencer filed his writ in Federal Court. As we said in Peters v. Rutledge,

5 Cir., 1968, 397 F.2d 731, 736, "[W]e have made it clear that we ought to effectuate the policies underlying such statutes [post-conviction remedies] by making *immediate* use of them even in older cases now requiring an evidentiary hearing, not postponing application of the new procedure to cases arising in the state court after enactment of the post-conviction remedy." ·

The result is likewise the same even if Spencer's first contention, concerning the introduction of an involuntary confession, had been presented to the Florida Supreme Court on appeal since a factual hearing is now needed. "[I]n the interest of comity we require that constitutional challenges to state convictions should first be presented to the state courts. * * * [E]ven though the issue has been presented to the state courts so that it is technically ripe for Federal habeas, if an evidentiary hearing is required then that hearing should be had ordinarily in those state courts where a fully effective, practicable procedure is available under state law." Peters v. Rutledge, supra, 397 F.2d at 735.

3. See Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307; Tolar v. State, Fla. App., 1967, 196 So.2d 1.

4. Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307; Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214 [June 5, 1968].

We have most recently given recognition to the effectiveness of this procedure in Boyer v. City of Orlando, 5 Cir., 1968, 402 F.2d 966, 967, n. 1 [Oct. 18, 1968], where we said: [A] decision by the Florida Courts will determine

well as for Texas,[5] Georgia,[6] Louisiana,[7] and Mississippi.[8]

■■■ The judgment of the Federal District Court denying the writ is therefore vacated [9] to provide Spencer with an opportunity to apply to the Florida Courts for relief. After having exhausted his State remedies, if Spencer is dissatisfied, he "can [then] return to the Federal Court for its inescapably independent judgment on federal issues." [10]

Vacated.

---

some or all issues in a way which might eliminate altogether the necessity for, or sharply reduce the scope of, the Federal habeas proceeding."

5. Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.

6. McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161, 167.

7. Brent v. White, 5 Cir., 1968, 398 F.2d 503 [July 18, 1968].

8. Irving v. Breazeale, 5 Cir., 1968, 400 F.2d 231 [August 27, 1968]. See also Waters v. Beto, 5 Cir., 1968, 392 F.2d 74 [March 28, 1968]; Beto v. Conley, 5 Cir. 1968, 393 F.2d 497 [April 3, 1968]; Taylor v. Beto, 5 Cir., 1968, 392 F.2d 566 [April 19, 1968]; Woodbury v. Beto, 5 Cir., 1968, 395 F.2d 189 [May 14, 1968]; Bruce v. Beto, 5 Cir., 1968, 396 F.2d 212 [May 27, 1968]; Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731;

Moore v. Dutton, 5 Cir., 1968, 396 F.2d 782 [July 5, 1968]; Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814 [July 11, 1968]; Harris v. Beto, 5 Cir., 1968, 392 F.2d 191 [July 12, 1968]; Welch v. Beto, 5 Cir., 1968, 400 F.2d 582 [August 1, 1968]; Lydy v. Beto, 5 Cir., 1968, 399 F.2d 59 [August 2, 1968]; Powers v. Hauck, 5 Cir., 1968, 399 F.2d 322 [August 5, 1968]; Phelper v. Decker, 5 Cir., 1968, 401 F.2d 232 [August 6, 1968]; Williams v. Dutton, 5 Cir., 1968, 400 F.2d 797 [August 20, 1968]; Ballard v. Dutton, 5 Cir., 1968, 399 F.2d 707 [September 12, 1968].

9. The stay of the sentence of execution heretofore entered by the Federal District Court is continued to permit exhaustion of state remedies and if required, Federal remedies, and until further order by this Court.

10. Peters v. Rutledge, supra, 397 F.2d at 741.