**Ex parte Claude C. CLIFTON.**

**No. 41836.**

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Rollin Khoury, Waco, for relator.

Martin D. Eichelberger, Dist. Atty., Ronald D. Moody, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The applicant in this habeas corpus proceeding attacks the legality of his conviction for felony theft, in Cause No. 9346 in the Fifty-Fourth Judicial District Court of McLennan County, Texas.

Upon a hearing of the application by the Honorable Vic Hall, Judge of said court, he found that the petitioner was, on September 30, 1932, convicted of felony theft in Cause No. 9346 in said court and sentenced to ten years, which was cumulated with a twenty-five year sentence he received for robbery in Wharton County in 1931 (Clifton v. State, Tex.Cr.App., 58 S.W.2d 90), and found that petitioner was indigent and did not have counsel during the trial of said Cause No. 9346 in McLennan County, and did not waive his right to be represented therein by counsel.

Upon such findings, which are supported by the evidence adduced at the hearing and also admitted and conceded by the state, Judge Hall correctly concluded that petitioner's conviction in 1932 for felony theft in Cause No. 9346, in McLennan County was invalid.

The opinion on a prior application by petitioner (415 S.W.2d 661) reveals that he was granted a reprieve in 1941 which was extended until he received a conditional pardon in 1946. In 1946, during his conditional pardon, he was assessed ten years on a plea of guilty for post office burglary in Arkansas. While on parole from the post office burglary he received a seven-year burglary sentence in Mississippi. He was returned to Federal Prison after his release from the Mississippi Prison, and was then returned to the Texas Department of Corrections on the Wharton and McLennan County sentences.

The record reveals and the petitioner admits in his application that his present confinement in the Texas Department of Corrections is on the twenty-five (25) year sentence for robbery from Wharton County which he has not served.

The 1932 conviction of the petitioner in Cause No. 9346 is set aside as invalid for the reason that he was denied the right to counsel at his trial. Insofar as said Cause No. 9346 in the 54th Judicial District Court of McLennan County is concerned, petitioner is ordered released from further confinement in the Texas Department of Corrections to be delivered to the sheriff of McLennan County to answer the indictment in said cause. Stepp v. Beto, 5 Cir., 398 F.2d 814; Lydy v. Beto, 5 Cir., 399 F.2d 59.

DOUGLAS, J., not participating.