Harold WOOLSEY, Plaintiff-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.

No. 27308

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 24, 1969.

Will Gray, Houston, Tex., for appellant.

Crawford C. Martin, Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This case was previously before this Court in Woolsey v. Beto, 387 F.2d 138, and on December 27, 1967, upon appellee's motion was remanded to the District Court for further development of facts, and with a suggestion that the District Court make findings of fact and conclusions of law. The facts up to the time of remand are set forth in the prior opinion of this Court.

The crux of Woolseys' claim is that he was denied an appeal in his 1957 conviction for burglary, one of the prior convictions used to enhance the assault with intent to murder charge in the Texas State Court.

The Honorable Will Gray, of Houston, Texas, was counsel for Woolsey when the case was originally heard in the District Court and on the appeal to this Court. Upon remand and the issuance of the mandate on January 4, 1968, until set down by order for issuance of writ of habeas corpus ad testificandum on October 1, 1968, this case remained dormant. Through error, Honorable Rollin Khoury, of Waco, Texas, was appointed attorney for Woolsey, and when appellee, on October 7, 1968, filed his motion to dismiss for failure to exhaust state remedies, the motion was served on Mr. Khoury rather than upon Mr. Gray.

On August 27, 1967, Article 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure became effective (after this habeas corpus proceeding was begun), and on September 14, 1967, the Texas Court of Criminal Appeals in Ex Parte Young, 418 S.W.2d 824 (Texas Criminal Appeals), held that Sec. 11.07, as amended, provides for a full hearing in Texas trial courts on contested issues of fact.

On February 12, 1968 after remand in this case, but before hearing in the United States District Court, this Court, in the case of State of Texas v. Payton, 390 F.2d 261 (5 Cir., 1968), held that even though a constitutional claim had been presented to the Texas court prior to the effective date of Article 11.07, as amended, and had been later heard and decided by a federal district court, the claim should go back to the Texas court for redetermination of the issues under Art. 11.07, as amended. For additional opinions on this same question, see also the cases of Waters v. Beto, 392 F.2d 74, (5 Cir., 1968), and Lydy v. Beto, 399 F. 2d 59 (5 Cir., 1968).

■ Following the teachings of State of Texas v. Payton, supra, and its progeny, the District Court below granted the motion to dismiss with the provision that said motion be without prejudice to petitioner to reapply in the Texas state court in which he was convicted or to reapply in federal court if relief is not obtained at the state court level. We agree with the District Court that the dismissal was proper.

■ Woolsey further asserts that the failure to notify Attorney Gray, the defendant's choice of counsel, was a violation of his Sixth Amendment rights, especially when there was no request for the appointment of counsel on the grounds of indigency. However, under the facts and circumstances here revealed by the record and the briefs of both the appellee and the appellant, the District Court was required to dismiss the petition under Texas v. Payton, supra. The hearing on the motion to dismiss in the case at hand was not a critical stage of the proceedings, and the failure of the court below to notify Mr. Gray of the sitting and of the motion to dismiss was "insubstantial and harmless."

Judgment affirmed.