Vern Wilmer CARPENTER, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28068.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1970.

* Hon. William M. Byrne, Senior Judge, U. S. District Court for the Central District of California, sitting by designation.

———◆———

Vern Wilmer Carpenter, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Allo B. Crow, Jr., Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 5 Cir.1969, 406 F.2d 758.

This appeal is taken from an order of the district court denying the petition of a Texas convict for a writ of habeas corpus. Appellant is presently confined on a five year sentence for driving while intoxicated with a prior similar offense used for enhancement of punishment. Appellant filed a petition for habeas corpus in the trial court contending that he was denied counsel on his first conviction for drunken driving. Without holding an evidentiary hearing, that court found that appellant had been denied counsel as alleged. On review, the Tex-as Court of Criminal Appeals refused to accept the findings of the trial court and denied relief.

Appellant then filed this petition for habeas corpus in federal court. After an evidentiary hearing the court below denied the petition without prejudice to appellant to file a petition in the state court pursuant to Article 11.07, Tex.C.Crim.P. We agree with the decision of the district court and affirm.

This court has consistently held that even though a state convict has exhausted all state remedies available prior to the effective date of Article 11.07, as amended, the issue should be re-presented to the Texas court for redetermination under Article 11.07, as amended, before he will be considered to have exhausted his available state remedies. Woolsey v. Beto, 5 Cir.1969, 412 F.2d 748; Bruce v. Beto, 5 Cir.1968, 396 F.2d 212; State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. Appellant's habeas corpus petition in the state trial court was filed before the effective date of the amendment to Article 11.07 which amendment provides for a full evidentiary hearing on contested issues of fact. Appellant has therefore not exhausted all available state remedies.

The judgment below is affirmed.