**Antonio VERA, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 28148
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1970.

Antonio Vera, pro se, Robert W. Woolsey, Corpus Christi, Tex. (Court-appointed) for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Charles T. Rose, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Petitioner in this habeas corpus proceeding appeals from the denial of the writ, alleging error in the District Court's refusal to hold an evidentiary hearing on these contentions: (1) that his confession was involuntary; (2) that sentences imposed after separate convictions were improperly cumulated; and (3) that petitioner's Mexican-American ethnic origin prejudiced his cause. Under the facts of this case, no evidentiary hearing was required. We affirm.[1]

An evening's carousing and arguing left two brothers shot. Petitioner was convicted in a jury trial of assault with intent to murder Benny Perez. He re-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

ceived a sentence of 20 years which was appealed.[2] Approximately two months after the date of the Benny Perez trial, he was convicted by a second jury for assault with intent to murder Humberto Perez. While the Benny Perez conviction was still on appeal but undecided, he was sentenced for a second consecutive term of 20 years on the Humberto Perez offense. That cause was also appealed.[3] In both appeals the verdict of the jury and the sentence of the court were affirmed.

■ Petitioner claims that his confession, which was admitted for purposes of impeachment after he had testified, was involuntary because it was made at a time when he was either still drunk or "seriously 'hung over'." An examination of the transcripts in each proceeding wherein appellant was convicted discloses that the issue of voluntariness of petitioner's confession was heard and considered by the trial court under the standard laid down by Jackson v. Dennol, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). A trial court stipulation and substantial evidence from witnesses established both petitioner's capacity and the voluntariness of his actions. The trial court also properly considered the inconsistency between petitioner's claim of mental confusion as to confession contrasted with his ability to recall minutiae of the events leading up to the assaults and surrounding the confession. The findings of the court below that the Texas District Court conducted a careful independent examination of the voluntariness of petitioner's confession are fully supported by both trial records.

■ Petitioner's contention that since both shootings had similar motives and were close in point of time they should be held to constitute only one offense, is, under the context of the records here, without foundation in reason or precedent. Petitioner testified that as he was arguing with Benny Perez he heard a beer bottle break behind him and he pulled his gun and turned and shot Humberto Perez, he then turned back and shot Benny Perez. His disputed confession had the order of the shootings reversed in standpoint of time, but both were described as separate incidents. He intended to shoot Humberto and did so. He intended to shoot Benny and did so. These were intentionally separate and distinct assaults upon two human beings. They constitute separate offenses. A similar or even a common motive could not blend them into one. Bins v. United States, 331 F.2d 390 (5th Cir. 1964). If a single shot struck two people a different result might obtain. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); but that is not the case here. Any other rule would allow an assailant, once he shot down his first victim, to keep on shooting with impunity at anything that moved. The cumulation of sentences received by petitioner on the two separate offenses, though one was then on appeal, is authorized by Texas law.[4]

■ Petitioner did not present his third contention to the court below in the form made here; rather, he alleged that the jury had ignored favorable evidence. In the interests of justice we will consider the broader contention that the jury verdict evidences prejudice against petitioner on account of his ethnic origin. Pointing out that Benny Perez acknowledged that he goaded petitioner into the assaults, which petitioner unctiously characterizes as "unfortunate" and "precipitous", petitioner concludes that the jurys' verdicts and the court's actions evince an attitude of, as his brief phrases it: "let the Meskins shoot each other up." This is a non sequitur. The jury thought seriously enough of the assaults which hospitalized one victim

2. Vera v. State, 423 S.W.2d 585 (Tex.Cr. App.1968)

3. Vera v. State, 428 S.W.2d 664 (Tex.Cr. App.1968)

4. Article 42.08, Vernon's Ann.C.C.P.; Alsup v. State, 84 Tex.Cr.R. 208 (1918) 206 S.W. 345; Ex parte Howard, 447 S.W.2d 160 (Tex.Cr.App.1969) and cases there cited.

with bullet wounds in the chest and abdomen and permanently paralyzed the other, to return guilty verdicts in each case; and the court was concerned enough to fix 20-year consecutive sentences for petitioner's vicious shootings. Certainly these actions demonstrate no laissez-faire attitude.

 An examination of the full record brought to this court demonstrates that under the circumstances here present the rules laid down in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), did not make a hearing mandatory on any one or all of the contentions advanced by petitioner. It is obvious that the court below correctly concluded that the habeas applicant was afforded a full and fair evidentiary hearing and that the determinations of the State triers of fact in each case were fairly supported by the record as a whole.

After petitioner took unsuccessful appeals from each of his convictions, he pursued his State habeas corpus remedy and appealed that. Petitioner himself points out that State habeas procedures have been thrice denied. Thus the appeal at bar constitutes the seventh independent judicial review (direct and collateral) of his convictions and confinement, which now comprise almost a thousand pages of pleadings, transcribed testimony and exhibits.[5] He has had the services of five court-appointed attorneys. We flatly reject his present counsel's contention here that petitioner is in "unfortunate circumstances" because of his poverty or Spanish-American heritage. The history of this affair denounces the loose language that petitioner's rights have been violated by "thoughtless handling so frequently accorded those of (his) station in life." Our decision here makes the results of

all review proceedings consistent for our review discloses that the record demonstrates beyond dispute that the petitioner received his full constitutional due —a fair trial—and was legally sentenced to serve concurrent terms for the separate assaults he was duly convicted of committing.

Affirmed.

---

5. This case again proves the wisdom of this Court's insistence on the full use of the flexible Texas post-conviction remedy of Art. 11.07 before it will permit review under 28 U.S.C.A. § 2254 (1966). See State of Texas v. Payton, 390 F.2d 261 (5th Cir. 1968); Woolsey v. Beto, 412 F.2d 748 (5th Cir. 1969); Carpenter v. Beto, 421 F.2d 847 (5th Cir. 1970). Here the federal District Court was able, without a further hearing, to evaluate the full case already more than adequately developed from an evidentiary standpoint in the state Courts.