432 F.2d 47
 Grady Monroe HOLSEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 29579 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 30, 1970.
 
 Grady M. Holsen, pro se.
 C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C. § 2255.* We affirm.
 
 
 2
 Appellant was convicted upon a jury trial for conspiring to sell narcotics, a violation of 26 U.S.C. § 7237(b), and was sentenced to five years imprisonment. On direct appeal the conviction was affirmed by the Court. Holsen v. United States, 5th Cir. 1968, 392 F.2d 292. The Supreme Court denied certiorari at 393 U.S. 1029, 89 S.Ct. 640, 21 L.Ed.2d 573.
 
 
 3
 In his § 2255 motion appellant alleged as grounds for relief:
 
 
 4
 1) that his desire to call as a witness a co-indictee, Joseph McConnell, Jr., was thwarted by the trial court's ruling that by taking the stand McConnell would waive his right against self-incrimination as to all questions asked of him;
 
 
 5
 2) that the nine month delay between the offense and his arrest effectually denied him a speedy trial; and
 
 
 6
 3) that the sale of narcotics to undercover agents at McConnell's residence constituted an illegal search and seizure since the agents gained entry by means of false representations.
 
 
 7
 Although the District Court denied relief without making full findings of fact and conclusions of law, it is unnecessary to remand for such findings and conclusions (Shale v. United States, 5th Cir. 1969, 409 F.2d 412; Welch v. Beto, 5th Cir. 1968, 400 F.2d 582; Waters v. Beto, 5th Cir. 1968, 392 F.2d 74) since the appellant's allegations fail to present a basis for relief as a matter of law.
 
 
 8
 The first two issues raised by appellant were considered by this court on direct appeal and were decided adversely to him. The District Court was not in error in not redetermining them. Blackwell v. United States, 5th Cir. 1970, 429 F.2d 514; see also Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Houston v. United States, 5th Cir. 1969, 419 F.2d 30.
 
 
 9
 As to appellant's final allegation, the Supreme Court has held the contrary. Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312.
 
 
 10
 The judgment below is affirmed.
 
 
 11
 Affirmed.
 
 APPENDIX
 
 12
 United States District Court for the Southern District of Alabama
 
 Filed: Sep. 18, 1969
 
 13
 Grady Monroe Holsen vs. United States of America
 
 Civil 5669-69-P
 
 14
 Motion to Vacate Judgment and Sentence

 Motion Denied this 11/25/69
 s/Illegible
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 *
 See appendix