**James T. FINLEY**

v.

**Captain John DREW, USN, Commanding Officer, Naval Station, Philadelphia, Pennsylvania, et al., Appellants.**

No. 19382.

United States Court of Appeals, Third Circuit.

Submitted Oct. 8, 1971.

Decided Dec. 27, 1971.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellant.

Benjamin Lerner, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa. (Richard Z. Freemann, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The instant appeal is from the District Court's Order granting a petition for writ of habeas corpus to the appellee James T. Finley, a United States Navy enlisted man whose application for discharge as a conscientious objector had been denied by the Navy.

The issues presented to the District Court were (1) whether the Navy's denial of Finley's application for a discharge was without any rational factual basis; and (2) whether the Navy's use of the psychiatric reports of Finley's privately retained civilian doctors, without affording him adequate opportunity to rebut the information contained in the reports, were in violation of procedural due process of law.

The District Court, following a hearing, entered an Order as follows:

"AND NOW, this 22nd day of July, 1970, it is hereby

### ORDERED

that the Petition for Writ of Habeas Corpus be granted; and that the execution of the Writ be stayed for a period of sixty days for the purpose of allowing the Government to seek an appeal."

The Order was not accompanied by findings of fact, conclusions of law, or an opinion. Accordingly, we are not apprised of the reasons for the District Court's disposition. We deem this to be a case where findings of fact and conclusions of law are appropriate and necessary to our review.[1]

The cause will be remanded to the District Court with directions to file forthwith its findings of fact and conclusions of law. The District Court may file a memorandum opinion should it desire to do so. Jurisdiction will be retained.

---

1. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Holiday v. Johnston, 313 U.S. 343, 353–354, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941); Waters v. Beto, 392 F.2d 74, 75 (5th Cir. 1968); Woolsey v. Beto, 387 F.2d 138, 139 (5th Cir. 1967); Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894, 896 (1960). And see United States ex rel. Schultz v. Brierley, 449 F.2d 1286 (3rd Cir., Opinion filed October 18, 1971), where Judge Gibbons, speaking for the Court, noted that in disposing of a habeas corpus petition, a District Court should disclose the reasons for its disposition "to the litigants and to a reviewing court less cryptically than in the order now before us." The order in Brierley was similar in format to that here.