436 F.2d 1063
 Billy Lee JOHNSON, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 30470 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 5, 1971.
 
 Billy L. Johnson, pro se; Harry H. Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Roy E. Greenwood, Legal Intern., Huntsville, Tex., for petitioner-appellant.
 Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Dunklin Sullivan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant seeks review of a district court judgment denying and dismissing his application for writ of habeas corpus. We affirm without reaching the merits.
 
 
 2
 Appellant was tried and convicted by a Texas state court on a charge of assault with intent to rape. On a direct appeal of that judgment, appellant sought to set up a claim of double jeopardy by reason of the fact that a jury had previously acquitted him of burglary with intent to rape, which charge had arisen out of the same circumstances as his latter conviction. The Texas Court of Criminal Appeals affirmed the conviction on the ground that Texas law permits a prosecution for burglary and also for other offenses committed subsequent to entry. Johnson v. State, 1968, 432 S.W.2d 98.
 
 
 3
 Appellant then sought a writ of habeas corpus in the federal district court. His application was denied on September 30, 1969 on the basis of the ruling of the Texas court on the direct appeal. He again filed an application for writ of habeas corpus in the federal habeas court on August 17, 1970, stating that '* * * Petitioner, having fully exhausted state remedies, now refiles his Application for Writ of Habeas Corpus. * * *' This application was likewise denied on the basis of the ruling on the direct appeal.
 
 
 4
 On this appeal appellant contends, nevertheless, that he is entitled to relief because the double jeopardy provision of the Fifth Amendment was held applicable to the states in Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, and was applied retroactively in North Carolina v. Pierce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. More specifically his complaint is that since the doctrine of collateral estoppel was established as part of the double jeopardy provision in Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, his conviction cannot stand because the facts necessary to sustain it were decided in his favor by virtue of the acquittal in the first trial on the charge of burglary with intent to rape.
 
 
 5
 We do not reach the question presented. There is no showing in the record or in the briefs of counsel that appellant's claim has even been asserted in collateral proceedings in the Texas courts in light of these recent decisions of the Supreme Court. Accordingly, appellant having failed to exhaust his state remedies, see 28 U.S.C.A. 2254, Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814; State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261, the judgment of the district court is affirmed. This affirmance is, of course, without prejudice to appellant's right to seek relief in the Texas state courts.
 
 
 6
 Affirmed.