Bobby Lee **WILLIAMS**, Petitioner-Appellant,

v.

Judge Jerome **CHAMBERLAIN**, Criminal District Court No. 1 of Dallas, Respondent-Appellee.

No. 71–2527
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1971.

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GREAT FALLS WHITE TRUCK COM-
PANY, Respondent.

No. 71–1667.

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1971.

Bobby L. Williams, pro se.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of habeas corpus and injunctive relief to appellant, a Texas state prisoner. We affirm.

The relief sought in the district court in two petitions centered on a claim of denial of the right to a speedy trial in the Criminal District Court of Dallas County, Texas where appellant was charged with burglary. It appears without dispute that appellant was tried and convicted in the state court following the filing of his petitions in federal court.

■ The district court noted the conviction in the state court and concluded that all matters asserted including the claim of denial of the right to speedy trial, and the several trial errors mentioned were matters for appeal in the Texas state court system under the exhaustion of state remedies doctrine. See State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; and Johnson v. Beto, 5 Cir., 1971, 436 F.2d 1063.

We agree. Every contention which appellant makes in this court is required subject matter for state appeal.

Affirmed.