**Leo Daniel LUTON, Appellant,**

v.

**STATE OF TEXAS and H. E. Moore, Warden, Appellees.**

**No. 19955.**

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1962.

Certiorari Denied Feb. 18, 1963.
See 83 S.Ct. 744.

446

Thomas L. Ryan, William VanDercreek, Dallas, Tex., for appellant.

James K. Allen, First Asst. Dist. Atty., Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, Tex., for appellees.

Before BROWN and BELL, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

On the former hearing of the appeal from a denial of a writ of habeas corpus seeking invalidation of a Texas conviction for murder and a capital sentence, we remanded the case because of the trial court's error in rejecting a proffered affidavit as altogether inadmissible. Luton v. State of Texas, 5 Cir., 1962, 303 F.2d 899. On remand the District Court received the affidavit in evidence and, as also expressly permitted by our decision and mandate, the Court heard such further oral testimony as was offered.

The constitutional issue was whether petitioner had effective representation by counsel. This in turn involved primarily the factual question whether court-appointed counsel conferred adequately— or at all—with petitioner in advance of trial. On the first habeas corpus hearing the Judge held that counsel had, in effect, conferred at least twice with petitioner while he was in jail. The Court on the hearing following our remand again reached this same conclusion.

■ Contrary to the contention now urged, this action of the trial court was not a refusal to follow the law of the case. We did not evaluate the proffered affidavit as to its ultimate credibility. We held it admissible. That was all. The trial judge's comments dictated into the record show why, after the receipt of the affidavit into evidence, no change resulted in his conclusions. First, he rejected as unworthy of belief the testimony of petitioner. Second, evaluating the affidavit and the oral testimony of the chief jailer, he concluded that this was essentially negative testimony— i. e., proof that no record of the jail visits could be located. Next, he held that there is no inconsistency between such a mere negative record and affirmative testimony of the court-appointed counsel as to at least two visits. Consequently, he concluded neither the affidavit nor the jailer's testimony attack the credibility of the testimony of such counsel. Finally, the judge then proceeded in explicit terms to find that on the "sworn testimony" of such counsel "I must find that he did" visit petitioner in jail as least twice. He reiterated this by declaring "I must accept the testimony of Hardin and Wheeler [court-appointed counsel] as credible evidence." And indicating quite positively that in rephrasing it in terms of a failure of petitioner to sustain the burden of proof—"I haven't found that Mr. Hardin told the truth"— the Court was not taking back what had just been stated, the Judge once again repeated, "I found that he [Hardin] has not been impeached and that I believe him."

■ The trier of fact had to resolve this critical controversy. The affidavit reflecting an absence of a record was a circumstance to be evaluated. But in addition to the usual problems of choosing between conflicting testimonial evidence—a nine-time convicted felon versus an experienced criminal law practitioner —that circumstance was itself equivocal. The affidavit and oral testimony reflected an extremely loose system and practice in the care, control and accountability for attorney jail slips. The slips were not serially recorded or logged, slips were merely kept for a month by individual jailers or trusties in desk drawers accessible to many, the slips remaining were put in a box without ascertaining whether any were missing, and on occasions attorneys were permitted to confer without slips.

■ The credibility choice had to be made. Whether we look at it in terms of the petitioner's burden of proving that counsel did not confer with him, or in terms of the actual express finding that counsel did confer, the evidence was more than ample to sustain the District Court's action. There, under F.R.Civ.P. 52(a), it ends.

■ Apart from this question of conferring in advance of trial, we conclude, as did the District Court, that there is no merit to the charge that the action or nonaction of such counsel on the trial amounted to a denial of effective representation. And there being no showing that confinement by state authorities for some 60 days before petitioner was brought into court resulted in or induced a confession, a plea of guilty, or denial of any constitutionally protected right, we agree also that this record does not present the question of the applicability to state criminal proceedings of such cases as McNabb v. United States, 1943, 318 U.S. 332, 63 S. Ct. 608, 87 L.Ed. 819; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

As this Court has issued a stay of execution "until final disposition of the appeal in this case," the stay will continue in force for 14 days after the date the mandate is issued by this Court to enable petitioner to seek further stays pending review by the Supreme Court.

Affirmed.