Clarence **JOHNSON**, Appellant,

v.

**J. D. MIDDLEBROOKS**, Warden, Appellee.

No. 24392.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

Clarence Johnson, pro se.

Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen., of Louisiana, for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of appellant's petition for habeas corpus after an evidentiary hearing by the United States District Court for the Eastern District of Louisiana. On his state court trial appellant was represented by privately retained counsel and pled not guilty to a charge of illegal possession of narcotics in violation of Louisiana Revised Statutes 40:962. He was found guilty by a jury and sentenced on January 24, 1963, to serve ten years in the state penitentiary. Appellant attacks his conviction on three grounds: (1) that there was no probable cause for his arrest and therefore evidence obtained from the subsequent search and seizure was illegally obtained and admitted into evidence; (2) that he was denied a transcript of the state court proceedings; and (3) that he was convicted on insufficient evidence.

The pertinent facts are that on January 7, 1963, at about 9:55 P.M. Officers Verdi and Warner of the New Orleans Police Department observed appellant walking away from a bar near the intersection of Harmony and Lasalle Streets in New Orleans. This area was well known to the officers as a neighborhood inhabited by traffickers in narcotics. Approximately one hundred to one hundred fifty cases had originated in the immediate area to their knowledge. The officers also knew appellant as a self-admitted addict with whom they had often talked. When appellant saw the officers he did an about face and ran into the bar. The officers pursued appellant into the bar and made the arrest after discovering him emerging from behind a restroom door. The officers observed that he appeared to be quite nervous. Officer Verdi testified that it was his experience when dealing with persons possessing narcotics that they will usually run if they know the officers and are in possession of narcotics. Appellant had only run from the officers on one previous occasion, at which time he would not talk until he had swallowed something. On the occasion in question, a Vulcan match box containing five tinfoil packages of cocaine was removed from his clutched hand and later admitted into evidence.

We find appellant's contentions to be utterly without merit. As to his first allegation, state law is determinative of the validity of appellant's arrest Ker v. State of California, 374 U.S. 23, 83 S. Ct. 1623, 10 L.Ed.2d 726 (1963). Under Louisiana law any officer can arrest without a warrant if there is reasonable cause to believe that the person arrested has committed a felony. Louisiana Revised Statutes 15:60. The test to ascertain the existence of probable cause is that the evidence in the particular case must be such as to justify a man of reasonable caution to believe that a felony has been committed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Flight of the accused alone will not suffice to create probable cause for arrest, but is a factor to be considered. United States v. Thomas, 250 F.Supp. 771 (S.D.N.Y.1966). Similarly, the officers' knowledge of appellant's physical appearance and his previous record are relevant although not conclusive. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Brinegar v. Unit-

ed States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Taking into consideration all the facts and circumstances in this particular case including his conduct and appearance on the occasion in question, the conclusion must be reached that probable cause for arrest did exist.

 As to appellant's second contention, the evidentiary hearing failed to disclose any illegal deprivation of either the right to the transcript or the opportunity to appeal. Appellant's third contention presents no substantial federal question. Young v. Boles, 343 F.2d 136 (4 Cir. 1965).

For the above reasons the decision of the court below must be affirmed.