**Dr. George J. BETO, Director, Texas Department of Corrections, Appellant,**

v.

**Michael D. CONLEY, Appellee.**

No. 24907.

United States Court of Appeals
Fifth Circuit.
April 3, 1968.

---

Thomas F. Keever, Asst. Atty. Gen., Houston, Tex., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for appellant.

D. David Cryan, Houston, Tex., for appellee.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

This appeal is from a judgment granting habeas corpus to Conley, a State prisoner convicted of felony theft, and having been twice previously convicted of felonies, under mandatory life sentence as an habitual criminal as provided by Article 63 of the Vernon's Ann.Texas Penal Code.[1]

Conley's trial and conviction in the State court took place on July 22, 1964, just one month after the Supreme Court's decision in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but long before Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Conley filed a petition for habeas corpus in the Court of Criminal Appeals of Texas which was denied without written opinion on May 23, 1966.

After Conley's arrest, incriminatory statements were extracted from him which were introduced in evidence against him upon his trial. The testimony at the federal habeas corpus hearing was undisputed that Conley was not advised of his right to remain silent. The evidence was in dispute as to whether he requested the aid of counsel before making the admissions, but there was no dispute that he was not offered counsel or advised of his constitutional right to counsel.

The district court granted the writ of habeas corpus without prejudice to the right of the State to retry Conley upon the indictment within a stated reasonable time. The district court based its decision solely on the failure to warn Conley of his right to remain silent, thereby following its earlier decision in Payton v. Beto, C.A. No. 66–H–291, S.D. Tex., Oct. 14, 1966. That decision was later reversed by this Court. Texas, et al. v. Payton, 5th Cir. 1968, 390 F.2d 261.

There are many factual differences between this case and *Payton* but none requiring a different result. So much written in the full opinion reversing *Payton* has application to this case that to repeat much the same thoughts would be superfluous. For the reasons fully set forth in that opinion, the judgment of the district court is reversed and the case remanded with instructions to deny the relief requested and dismiss the Writ, without prejudice to Conley to reapply in the State court in which he was convicted.

Reversed and remanded, with directions.

---

1. See Conley v. State, Tex.Cr.App.1966, 390 S.W.2d 276.