**William C. BECKER, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25199.**

United States Court of Appeals
Fifth Circuit.

April 8, 1968.

James J. Hartnett, Dallas, Tex., for appellant.

Robert E. Owen, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Austin, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

On September 2, 1965, this appellant was convicted by a jury in a Texas state court of the crime of armed robbery. An appeal to the Texas Court of Criminal Appeals was, at his request in open court, dismissed. On July 18, 1966, the petition for habeas corpus relief was filed in the United States District Court. Two of the three asserted grounds for relief were predicated upon Miranda v. State of Arizona [1] and United States v. Wade.[2] Since these decisions are not to be given retrospective effect,[3] these contentions, even if otherwise meritorious, are of no avail. The conviction antedated Escobedo v. State of Illinois [4] but the record supports no *Escobedo* issue.

There was no showing that the failure of the officers promptly to take the appellant before a state magistrate caused anything detrimental to his defense or contributed to his conviction. Hence, this was no violation of any right protected by the United States Constitution.[5]

Moreover, the District Court might well have dismissed the petition on the ground that appellant had deliberately by-passed the orderly procedure of the state courts.[6]

Affirmed.

**1.** 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, June 13, 1966.

**2.** 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, June 12, 1967.

**3.** Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

**4.** 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977.

**5.** Luton v. State of Texas, 5 Cir., 1962, 310 F.2d 445, cert. den. 372 U.S. 923, 83 S.Ct. 744, 9 L.Ed.2d 729 (1963).

**6.** Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).