**Clinton W. DELESPINE, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 27390.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1969.

Will Gray, Houston, Tex., for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Thomas Keever, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for appellee.

Before GEWIN, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal is from an order denying relief after an evidentiary hearing on appellant's petition for the writ of habeas corpus in the United States District Court for the Southern District of Texas after appellant had exhausted his state remedies. Appellant was convicted of murder in the Criminal District Court of Harris County, Texas and sentenced to a term of ninety-nine years imprisonment. His conviction was affirmed by the Texas Court of Criminal Appeals. Delespine v. State, 396 S.W.2d 133 (1965). The Supreme Court denied certiorari, Delespine v. Texas, 384 U.S. 1019,

86 S.Ct. 1975, 16 L.Ed.2d 1043 (1966).[1] Subsequently, a Texas trial court and the Texas Court of Criminal Appeals denied appellant's application for habeas corpus.

The appellant claims: (a) his alleged confession was not voluntary under the "totality of the circumstances"; (b) the alleged confession was the fruit of an illegal arrest and unlawful detention; and (c) the findings and conclusions of the state trial judge, adopted by the United States District Court, are clearly erroneous. We reject these contentions and affirm.

■ Following the brutal murder of a Houston, Texas housewife and mother, the police officers were given the description of a man and an automobile which had been seen at the scene of the murder. The officers went to appellant's place of employment, not knowing whether the descriptions furnished would harmonize with the appearance of appellant and his automobile. After seeing the appellant and an automobile parked in front of the place of business, it appeared to the officers that both matched the descriptions which had been furnished. He was arrested without a warrant and informed by the officers that he was under arrest for suspicion of murder. This occurred in midmorning on the day after the murder. Under these facts and circumstances we conclude that the arrest was lawful. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In view of this conclusion we find it unnecessary to discuss the contention that the appellant's confession was the result of an illegal arrest and unlawful detention.

Appellant further claims that his confession was not voluntary when considered in light of the totality of the circumstances. Greenwald v. Wisconsin,

390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968); Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Wainwright v. LaSalle, 414 F.2d 1235 (5th Cir. 1969) [August 21, 1969]. The appellant was tried in September 1963 prior to the decisions in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). These decisions are not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ The facts relating to the confession are in sharp conflict. The appellant contends that police officers questioned him constantly over an extended period of time and threatened to arrest his wife if he did not confess. This testimony is flatly contradicted by the police officers and two reporters who were present. The evidence with respect to the voluntariness of the confession was heard by the state trial court outside the presence of the jury. The hearing was lengthy and the trial court concluded that the confession was voluntary. The requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) were fully met. Although the findings of the Texas court are not necessarily binding on the United States District Court, such findings may be accepted if it appears that there was a full and fair hearing in the state court resulting in reliable and trustworthy conclusions. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We are not persuaded that the findings of the state court, adopted by the United States District Court are clearly erroneous on the issue of voluntariness.

Affirmed.

---

1. Mr. Justice Douglas was of the opinion that certiorari should be granted and the judgment of conviction vacated. He would have remanded the case for consideration in light of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).