Michael D. CONLEY, Petitioner-
Appellant,

v.

Dr. George J. BETO, Director, Texas
Dept. of Corrections, Respondent-
Appellee.

No. 71-2330.

United States Court of Appeals,
Fifth Circuit.

May 16, 1972.

Gerald T. Calhoun, Houston, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Robert Darden, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this petition for habeas relief Michael D. Conley contends certain evidence admitted at his trial was the product of coercive influences and an illegal arrest. We affirm the district court's denial of the petition.

Conley was convicted in a Texas state court of stealing an electrical blender and a television set from the Southland Hardware Store in Houston, Texas. This offense is a felony under Texas law,[1] and since Conley had two previous felony convictions he was mandatorily sentenced to a term of life imprisonment under Article 63 of the Vernon's Ann. Texas Penal Code. After appealing unsuccessfully to the Court of Criminal Appeals of Texas,[2] Conley petitioned for a writ of habeas corpus in federal district court. The district judge granted relief, but on appeal this court reversed and remanded so that Conley might apply to the state courts for an evidentiary

---

1. The stolen property was valued in excess of $50.00. See Article 1421 of the Texas Penal Code.

2. Conley v. State, Court of Criminal Appeals of Texas, 1965, 390 S.W.2d 276.

hearing. Beto v. Conley, 5 Cir. 1968, 393 F.2d 497, following this court's earlier decision in Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. However, the Texas state courts refused to grant Conley an evidentiary hearing and he again brought a habeas petition in federal district court. After holding an evidentiary hearing the district judge denied relief, 328 F.Supp. 49, and this appeal followed.

The events which led to Conley's arrest began on September 11, 1963, when Houston police officers received a call to investigate a felony theft from the House of Television. An employee of the store stated that a woman had entered the store and engaged a salesman in a conversation about the purchase of a television. While the salesman was distracted a man entered the store, picked up a Zenith radio, and left without paying. The man with the radio then drove away accompanied by another man in an automobile described as a black and white 1956 Buick with license number TP 2510. Although the woman was left behind officers subsequently found her using the telephone in another store near the House of Television. When questioned by police officers the woman stated that she had reached the House of Television by Courtesy Cab. Upon subsequent investigation police learned that no Courtesy Cab had taken any person to that location, and that the woman, Carolyn Williamson, had been arrested several times previously and was presently on bond for car theft.

Two days later, on September 13, 1963, police officers learned from an unidentified informant that the 1956 Buick could be found at a local motel, the Blue Top Courts. The officers proceeded to that location and observed the automobile parked under a carport adjacent to one of the cabins. After consulting with the management the officers knocked on the door of the cabin and were permitted to enter. The occupants were Conley and another man named Hafti. Hafti admitted possession of the automobile, and in plain view on the back seat of the vehicle officers observed a box containing a blender with the sales tag attached. At this point Conley and Hafti were placed under arrest and taken to police headquarters. While under interrogation Conley admitted stealing the blender and a television set from the Southland Hardware Store, and these inculpatory statements were admitted into evidence against him.

In considering the admissibility of this confession we note that Conley's trial took place at a time after the decision in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but prior to Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Thus, *Escobedo*, but not *Miranda*, governs the disposition of this appeal. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ While conceding that "*Escobedo* protects the right to counsel only when counsel is requested . . . .", Sellars v. Beto, 5 Cir. 1970, 430 F.2d 1150, 1154, Conley contends that he repeatedly requested an attorney during his interrogation and that the state's denial of these requests necessitates reversing his conviction. However, the district court found that Conley at no time asked to see an attorney. We hold that this finding is a credibility choice which is supported by substantial evidence in the record, i. e., the testimony of several Houston police officers.

■ Conley also contends that the confession was exacted under coercive circumstances, and the admissions were therefore involuntary. This contention is without merit. Throughout Conley's detention he received adequate care, and there is no evidence that he was interrogated for extended periods of time or deprived of food, water or sleep. We agree with the district court that these circumstances fall far short of the circumstances found to be coercive in Clewis v. Texas, 1967, 386 U.S. 707, 87 S. Ct. 1338, 18 L.Ed.2d 423, and Davis v.

**212**

North Carolina, 1966, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

■ Conley's final argument is that the inculpatory statements were obtained during an illegal detention since police officers lacked probable cause for his arrest. The test to ascertain the existence of probable cause is whether the facts in any particular case would justify a person of reasonable caution in believing that a felony had been committed. Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Johnson v. Middlebrooks, 5 Cir. 1967, 383 F.2d 386. In the case at hand police officers were informed by complaining witnesses that a radio was stolen by a white man who drove away with another white man in a 1956 Buick bearing license number TP 2510. Acting on information from an unidentified informant police officers discovered this very automobile parked next to a motel cabin. The officers knocked on the cabin door and when the door was opened they observed two white males inside. Proceeding to the carport the officers saw a brand new blender on the back seat of the Buick automobile. At this moment the facts within the knowledge of the police officers were sufficient to warrant a prudent man in believing that these two men had committed the felony theft at the House of Television and that the blender was additional stolen merchandise. Beck v. Ohio, 1964, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142; Wong Sun v. United States, supra; see also Ker v. California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. Under these circumstances, then, the police officers had probable cause to make a warrantless arrest. See United States v. Trabucco, 5 Cir. 1970, 424 F.2d 1311.

The judgment of the district court is affirmed.

GODBOLD, Circuit Judge (dissents):

I dissent on the ground that there was insufficient probable cause for arrest.