William A. ADKINS, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–1767.

United States Court of Appeals, Fifth Circuit.

June 27, 1972.

William A. Adkins, pro se.

Crawford Martin, Atty. Gen., Roland Daniel Green, III, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the district court denial of a habeas petition. The petitioner, William A. Adkins, is presently serving a life sentence as a result of a Texas conviction of murder with malice. In his habeas petition filed in the federal district court the petitioner alleged that his murder conviction is constitutionally infirm for the following reasons: (1) the alleged murder weapon, a knife, was secured as a result of an illegal search and seizure; (2) the petitioner was not taken before a magistrate, as required by Texas law, after his arrest without a warrant; (3) the evidence introduced at his trial was insufficient to support a conviction; and (4) the state trial court denied petitioner a fair trial because the trial judge rebuked the defense counsel, denied the requested motion for an instructed verdict of not guilty, and gave an improper charge to the jury. Concluding that all of the petitioner's contentions are without merit, we affirm the judgment of the district court.[1]

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the

■■ Assuming that the knife that was the alleged murder weapon was obtained as a result of an illegal search and seizure, we nevertheless conclude that the admission of the knife into evidence does not operate to vitiate the petitioner's murder conviction. We first note that petitioner, through his counsel, did not object to the introduction of the knife into evidence. Indeed, the transcript of the state trial reveals that the defense placed considerable importance on the physical appearance of the knife, as petitioner attempted to convince the jury that the knife in question was simply too small to have made the fatal wound. Moreover, even if these circumstances do not rise to the level of a deliberate and voluntary waiver of the petitioner's constitutional right to have the illegal evidence suppressed, we conclude that additional factors render any possible error in admitting the knife harmless beyond a reasonable doubt. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. At the trial a witness testified that he saw the petitioner cutting the victim with a knife. More importantly, however, the petitioner's defense to the murder charge was self defense, and he himself testified at the trial that he cut at the deceased with the knife in question. Under these circumstances, we are convinced beyond a reasonable doubt that the introduction of the knife into evidence was harmless error, and thus we hold that its admission does not operate to void the petitioner's murder conviction.

■■ It appears that subsequent to his warrantless arrest the petitioner was not taken before a magistrate in accordance with Texas law. However, this court has previously held that the failure to take an accused before a magistrate subsequent to a warrantless arrest does not rise to the level of a constitutional violation, absent a showing that such failure either prejudiced an accused's defense or contributed to his

conviction. *See, e. g.,* Gamez v. Beto, 5 Cir. 1969, 406 F.2d 1000; Becker v. Beto, 5 Cir. 1968, 391 F.2d 904. In the petitioner's case there was no confession involved, and the petitioner has not alleged generally, or in any detail, how the failure to take him before a magistrate harmed his defense or otherwise contributed to his conviction. Therefore, we conclude that this contention is without merit.

■ We reach a similar conclusion with respect to the petitioner's assertion that the evidence introduced at his trial was not sufficient to support the verdict of guilty. It is settled law in this Circuit that a claim of insufficiency of the evidence does not present a question reviewable by a federal court in a petition for writ of habeas corpus. *See, e. g.,* Fulford v. Dutton, 5 Cir. 1967, 380 F.2d 16.

■ Lastly, we find that petitioner's various allegations of denial of due process and a fair trial are not sustained by the record in the case. The only rebuking comment made by the state trial judge to the defense attorney was a statement cautioning counsel not to raise frivolous issues. The statement was made out of the presence of the jury, and we fail to perceive how it affected in any manner the fairness of the petitioner's trial. Similarly, the jury was not present in the courtroom when the state trial judge denied the petitioner's motion for an instructed verdict of not guilty. Thus, this ruling of the trial judge could not have prejudiced or otherwise affected the members of the jury. Finally, the petitioner has not detailed in what manner the trial court's charge to the jury was so erroneous as to amount to a denial of due process. Our examination of the record indicates that the state court's charge to the jury contained instructions on issues fairly raised by the evidence, and the record does not reveal any objection to the

time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v.

Beto, Director, 5 Cir. 1969, 412 F.2d 981.

court's charge. Accordingly, we find that the petitioner's last contention is also without merit.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.