**Andrew Earl WHITAKER, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–2520.

United States Court of Appeals, Fifth Circuit.

March 6, 1975.

Rehearing and Rehearing En Banc Denied April 9, 1975.

Donald A. Smyth, Staff Counsel for Inmates, Texas Dept. of Corrections, Brazoria, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Thomas W. Choate, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

DYER, Circuit Judge:

Whitaker appeals from the district court's denial without hearing of his petition for *habeas corpus.* He claims that his state rape conviction was unconstitutional because of 1) an illegal arrest and detention, 2) an involuntary confession, and 3) the state court's lack of jurisdiction to try him as an adult. Since we find that none of the errors alleged amounted to a denial of Whitaker's federal constitutional rights, we affirm.

On December 8, 1969, the victim, a waitress at the Cattleman's restaurant in Fort Worth, Texas, finished her shift at

approximately 11:00 P. M. While starting her car in a parking lot across the street from the restaurant, a man forced his way into the auto, threatened to kill her if she resisted, drove the car to another section of the parking lot and raped her. Just then a second man, later identified as Whitaker, appeared, and following a short conversation with the initial attacker, also entered the car and raped the victim.

These two men, together with a third picked up en route, then drove the victim to an isolated area where she was again sexually assaulted. While there, Whitaker asked the woman if she would like to see him again. Both out of fear for her life should she refuse and a desire to trap her attacker, she agreed and set up a meeting outside the restaurant two evenings later.

After being released, the victim notified the police, furnished them a general description of her abductors and alerted them to the planned rendezvous. Detective Jones of the Fort Worth police placed the restaurant and parking lot under surveillance on the appointed night and observed Whitaker, wearing clothes similar to those described by the victim, arrive shortly before the victim was scheduled to finish her shift. When Whitaker loitered in the area for several minutes in such a position that he could observe both the front door of the restaurant and the victim's car, Detective Jones placed him under arrest. Following an identification by the victim and his own confession, Whitaker was convicted of rape.

Whitaker's first contention is that he was illegally arrested and detained. The validity of his arrest of course depends on whether it was based on probable cause—the officer's possession at the moment of arrest of sufficient facts to support a genuine probability, though not necessarily a certainty or a conclusion beyond a reasonable doubt, that Whitaker had committed an offense—or on a hunch or mere speculation. Lathers v. United States, 5 Cir. 1968, 396 F.2d 524, 531.

■ We conclude there was probable cause for the arrest. First, based on information supplied by the victim, the police were aware of a time and location where there was a substantial possibility that the victim's attackers might appear. Indeed, it was because of this information that they were able to place themselves in a position to apprehend Whitaker. Secondly, from the same source they also possessed a general physical description of the assailants and knowledge that the second man, who had asked the victim if she wished to see him again, had been wearing a "long brown coat." When Whitaker arrived, Detective Jones saw that he not only fit the physical description furnished by the victim but was clad in a three-quarter length brown coat. Finally, these facts were corroborated by the officer's personal observation of Whitaker walking back and forth in the area for several minutes in such a way as to keep the restaurant and the victim's car in view. The totality of these circumstances was sufficient in our view to give Detective Jones reasonable cause to believe that a felony had been committed and that Whitaker was one of its perpetrators. Hence, he had probable cause to effect Whitaker's arrest without a warrant. Thornton v. Beto, 5 Cir. 1972, 470 F.2d 657, cert. denied, 1973, 411 U.S. 920, 93 S.Ct. 1560, 36 L.Ed.2d 313; Conley v. Beto, 5 Cir. 1972, 460 F.2d 210; Delespine v. Beto, 5 Cir. 1969, 418 F.2d 871, cert. denied, 1970, 397 U.S. 1030, 90 S.Ct. 1281, 25 L.Ed.2d 541.

■ It does appear that Whitaker was not taken promptly before a magistrate following his warrantless arrest as required by Texas law. Vernon's Ann.C. C.P., art. 14.06 (Supp.1974). However, it is well settled that such a defect rises to the level of constitutional error only when it can be shown that the accused's defense has been prejudiced in some manner. Adkins v. Beto, 5 Cir. 1972, 462 F.2d 802, 804; Perry v. Texas, 5 Cir. 1972, 456 F.2d 879, 880. Here, the only intimation of prejudice is that Whitaker's confession was in fact obtained during the period of his detention. How-

ever, Whitaker does not make, nor would the record support, any claim of a causal connection between the two. The record shows that Whitaker was arrested at approximately 11:00 P. M. on December 10, and made his confession at 10:40 the following morning; moreover, the record further reflects that Whitaker was fully warned of his constitutional rights prior to making the statement.

Whitaker's next contention consists of a broadside attack on the voluntariness of his confession. In addition to his argument that it was the product of an illegal arrest, a claim we reject because of our conclusion that his arrest was valid, he also contends that, notwithstanding his *Miranda* warnings and apparent waiver of these rights, the confession was not voluntarily made. Without reciting in detail the circumstances alleged to support this claim, it is enough to say that they were presented to the trial court and, following a Jackson v. Denno type hearing, resolved against Whitaker. Since it affirmatively appears that the state trial court applied appropriate legal standards in determining the admissibility of Whitaker's confession, we are constrained by the dictates of 28 U.S.C.A. § 2254(d) to respect that court's findings unless Whitaker can establish by convincing evidence that its determinations were erroneous. La Vallee v. Delle Rose, 1973, 410 U.S. 690, 695, 93 S.Ct. 1203, 35 L.Ed.2d 637. He has not met that burden.

Whitaker's final asserted ground for relief is that the Texas adult courts lacked jurisdiction to try him. The essence of Whitaker's argument is that because the crime was committed approximately a month before his seventeenth birthday, the juvenile court had exclusive jurisdiction over his offense; and further that because the juvenile court never waived its jurisdiction, it continued unabated with the effect of precluding his trial as an adult. Broadway v. Beto, N.D.Tex.1971, 338 F.Supp. 827, aff'd, 5 Cir. 1972, 459 F.2d 483, cert. denied, 409 U.S. 1012, 93 S.Ct. 454, 34 L.Ed.2d 307, squarely meets this argument. In a thoroughly documented opinion, the district court in that case pointed out that, under Texas law, the defendant's age at the time of trial, rather than his age when the offense was committed, is controlling for the purpose of juvenile or adult jurisdiction. Moreover, loss of jurisdiction by the juvenile court when a defendant reaches the age of majority specified in the statute (17 for a male) is deemed automatic and in no way dependent upon a waiver by the juvenile court. *Id.* at 835. Since Whitaker was neither indicted nor tried until he had achieved his seventeenth birthday, he was properly within the jurisdiction of the adult criminal court system.

Affirmed.