*828 OPINION OF THE COURT
Gordon M. Lipetz, J.
This proceeding is brought by the District Attorney of Suffolk County pursuant to section 477-a of the Tax Law, entitled "Seizure and sale of Vehicles”, for a judicial determination and judgment of forfeiture of an automobile on the ground that it had been used for transporting more than 100 unstamped packages of cigarettes.
The automobile is a 1975 gold Dodge Charger two-door sedan, vehicle identification number XS22K5R298046, registered in the name of respondent John De Giammatteo and bearing 1976 New York registration No. 212 BMM. The petition alleges, based on the affidavit of Detective Vincent Lowe of the Suffolk County Police, that respondent was observed by police officers operating said vehicle on March 15, 1977 at about 11:55 p.m. and parking same in the parking lot of Peter Dan Diner in Bay Shore, Suffolk County, with 91 cartons of cigarettes in the trunk bearing no New York State tax stamps. By prearrangement, the unstamped cigarettes were removed therefrom and respondent sold and delivered them to Detective Lowe, who was acting in an undercover capacity, for $354.91. The vehicle was seized on April 26, 1977 and delivered to the District Attorney,
On May 6, 1977, De Giammatteo was indicted on one misdemeanor count and two felony counts of sale of untaxed cigarettes. This proceeding was instituted on May 19, 1977, and on July 27, 1977 this court ordered that a hearing be held. The hearing, however, was postponed in view of the pending indictment. Thereafter, De Giammatteo pleaded guilty on December 6, 1977 to count three of the indictment, a felony, in full satisfaction thereof, and was sentenced on February 2, 1978 to 60 days in the county jail and probation for 4 years and 10 months.
On April 24, 1978, the date ultimately set for the hearing, it was stipulated by all parties that Citibank, N. A., the holder of a security agreement (chattel mortgage) covering the vehicle, be added as a party to this proceeding as intervener, as if it had been initially joined as a respondent. It was also agreed that a hearing be waived and that the court should render its decision on the affidavits, documentary proofs and memoranda to be submitted by counsel.
As appears by the affidavits and documents eventually *829 submitted, respondent De Giammatteo on July 19, 1976 executed and delivered to Citibank, N. A., a consumer loan note in the sum of $3,744 for a loan made to him that day, inclusive of finance charges, and a security agreement (chattel mortgage) covering the aforesaid 1975 Dodge sedan as security for payment of the note. Said lien was recorded on August 3, 1976 by the New York Department of Motor Vehicles and appears on the certificate of title for said vehicle dated September 2, 1976. In August, 1977 Citibank obtained from De Giammatteo a second security agreement lien thereon for $1,290.41, which was recorded by the Department of Motor Vehicles on September 2, 1977. However, the second lien does not appear on the certificate of title because the said certificate was not submitted with the second secutity agreement for recording. The amount now due to Citibank on both loans has been reduced to $2,755.59.
The affidavit of Citibank’s assistant vice-president states that no officer or employee of the bank had any knowledge whatever of any alleged illegal use of the vehicle, and that Citibank was unaware that it had been seized at the time the second lien thereon was obtained. He urges that since Citibank held a valid recorded lien on the vehicle for more than eight months before it was seized, and had no knowledge of any improper use of the vehicle, its liens should be protected. Respondent De Giammatteo does not contest the aforesaid allegations or Citibank’s claim. Likewise, the District Attorney does not contest the factual allegations. He urges, however, that the vehicle should be forfeited without regard to the liens. I cannot accept his position.
Citibank seeks to enforce its lien against the vehicle, an equitable remedy. It seeks the aid of a court of equity for that purpose. A well-known maxim of equity is that "equity abhors a forfeiture”. (See Matter of City of Buffalo v Brooks, 3 Misc 2d 492, 497.) Significantly, as conceded by the petitioner, count three of the indictment to which respondent De Giammatteo pleaded guilty involved the sale of unstamped cigarettes wholly unrelated to the use of the vehicle or sale of the cigarettes which are alleged as the basis for the instant requested forfeiture. Since the plea was in full satisfaction of the indictment it constituted "a disposition of the entire indictment” (CPL 220.30, subd 2) and an acquittal of the other counts. (1 Wharton’s Criminal Law & Procedure [Anderson], p 294; People v Romer, 38 AD2d 757, affd 31 NY2d 919.)
*830 Further retention of the vehicle by the petitioner was wholly improper, the underlying criminal proceeding upon which the request for forfeiture is based having been terminated by acquittal "or conviction of a crime unrelated to the property” (McClendon v Rosetti, 460 F2d 111).
As the Attorney-General of the State of New York has stated (1973 Opns Atty Gen 155): "[Retention of property by the authorities where no illegal purpose forms the basis of plaintiff’s claim has been soundly condemned (Michalowsky v. Ey, 4 N Y 2d 277 [1958]), as has retention of property related to criminal proceedings which had been terminated by dismissal or conviction of a crime unrelated to the property (McClendon v. Rosetti, 460 F 2d 211 [C.C.A. 2d, 1972]).”
Furthermore, petitioner had ample opportunity during the plea bargaining period from May 6 to December 6, 1977 to condition his acceptance of the plea on the respondent’s agreement not to contest the forfeiture proceeding. A forfeiture statute such as section 477-a of the Tax Law is quasi-criminal in nature. Petitioner’s failure to do so precludes him from obtaining a declaration of forfeiture at this juncture, since to do so would be tantamount to sanctioning an additional penalty not contemplated by the parties in the plea bargaining process. (See Boyd v United States, 116 US 616; Plymouth Sedan v Pennsylvania, 380 US 693.)
Accordingly, it is unnecessary to consider petitioner’s challenge to the validity of Citibank’s liens against the vehicle. Since forfeiture and the retention of the vehicle by petitioner are improper, the respondent is entitled to possession thereof and Citibank may pursue its remedies against him.