**Jose ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00013–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 27, 1988.

Erin R. McNiece, Lippe & Associates, Seguin, for appellant.

W.C. Kirkendall, Sean K. Proctor, Seguin, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

OPINION

PER CURIAM.

In a bench trial, appellant was convicted of possession of heroin and sentenced to 10

years' imprisonment. He complains of the trial court's failure to suppress evidence which he contends was obtained as the result of an unreasonable delay in taking him before a magistrate after his arrest.

Appellant was arrested at 10:00 a.m. on a Thursday after a Seguin police officer saw appellant swallow several items which he suspected were balloons containing heroin. The officer did not have a warrant, but was following appellant and another man because of an informant's tip that appellant was transporting drugs into the Seguin area. The officer took appellant to the police station, placed him in an interview room and provided him with a mattress and a portable toilet. Appellant refused to eat, but drank some lemonade, which he chose instead of cola after an officer commented that cola eats through balloons.

On Friday morning, the police received a teletype informing them of charges pending against appellant in Bexar County and placing a detainer upon appellant. Appellant still refused to eat and told an officer that he knew he would be sent to the penitentiary if he defecated while in custody. Appellant refused to submit to x-rays. At 2:30 that afternoon, charges were filed against appellant, and he was brought before a magistrate at 2:40, where bond was set. Meanwhile, appellant's attorney, who learned that appellant had not been taken before a magistrate, obtained from a Bexar County judge an ex parte order for the release of appellant on a writ of habeas corpus. However, the writ was issued at 4:00 p.m., after appellant had been presented to a magistrate and bond had been set. When appellant's attorney returned to Guadalupe County, he was told that bond had been set and that the order for appellant's release would not be honored. Appellant still refused food or medical attention.

The next afternoon, appellant's attorney posted the bond, but Guadalupe County officials refused to release appellant because of the Bexar County detainer. Appellant's attorney told county officials that he would take care of the Bexar County situation and return to secure appellant's release. He never did. Later that after-

noon, a search warrant was issued and appellant was transported to a hospital, where he was given an enema. At 7:00 p.m. that evening, appellant expelled six balloons containing heroin.

Appellant argues that the heroin was seized as the result of an unreasonable and deliberate delay between the time that appellant was arrested and the time that he was presented to a magistrate. Appellant does not contest the validity of the search warrant which was executed on Saturday evening, after bond had been set, and which allowed police to discover the evidence.

■ We need not decide whether the delay in taking appellant before a magistrate was unnecessary. TEX.CODE CRIM. PROC.ANN. art. 14.06 (Vernon Supp.1988). Even if the delay is unreasonable, it must be shown that the delay caused the evidence to be obtained. *Jackson v. State*, 726 S.W.2d 217, 224 (Tex.App.—Dallas 1987, no pet.); *Whitaker v. Estelle*, 509 F.2d 194, 197 (5th Cir.1975). Appellant has not shown that the delay caused the evidence to be discovered. The heroin was obtained after appellant was brought before a magistrate and after bond had been set. Appellant's attorney did not secure appellant's release prior to the issuance of the search warrant, and the evidence was discovered in the course of executing the search warrant. There is no evidence that the delay which occurred one day before the search warrant was issued caused discovery of the heroin. We overrule this point of error.

■ Appellant, relying on TEX.CODE CRIM.PROC.ANN. art. 2.01 (Vernon Supp. 1988) and SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS, art. X, § 9 DR 7–103 (1987), contends that the heroin was improperly admitted into evidence and that information of the Bexar County detainer was withheld by the State, thus preventing appellant's attorney from obtaining appellant's release prior to the discovery of the heroin. Both provisions relied on by appellant are inapplicable. They provide that district attorneys shall not suppress facts which are

capable of establishing appellant's innocence or mitigating punishment. The fact that a detainer had been placed on appellant is in no way capable of establishing appellant's innocence or mitigating his eventual punishment. This point is overruled.

The judgment of the trial court is affirmed.