**Kitty Lynn WEGNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–91–00540–CR.**

Court of Appeals of Texas,
San Antonio.

April 15, 1992.

Donald H. Greer, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Kitty Lynn Wegner was charged with possession of cocaine, a second degree felony carrying a range of punishment of two years to twenty years. Pursuant to a plea bargain agreement, she was found guilty and punishment was assessed by the trial court at two years' confinement. Ms. Wegner, appellant, does not challenge any pretrial matters such as search and seizure or arrest which led to the indictment against her. Rather, in one point of error, she challenges the sufficiency of the evidence to support the conviction pursuant to the authority of article 1.15 of the Texas Code of Criminal Procedure and *Thornton v. State*, 601 S.W.2d 340 (Tex.Crim.App.1980).

In a unique evidentiary situation previously unseen, at least by this author, the stipulation of evidence approved by the trial court in support of Ms. Wegner's plea of guilty provides:

> On the 3rd day of July, 1991, in Kerr County, Texas, I, Kitty Lynn Wegner, being the same and identical person named in the information herein, did then and there possess a controlled substance, to-wit cocaine, in the amount of less than 28 grams. The possession of said controlled substance was by virtue of my having ingested said controlled substance shortly before a urinalysis test revealed the presence of said controlled substance in my body. (emphasis added)

We are not privy [1] as to how or why the evidence of the urine sample came to be obtained. For example, appellant may have been on probation for some other offense and was required to give urine samples periodically, or it is possible that,

---

**1.** Meaning "aware of" as opposed to "in the privy" where, presumably, the evidence was given.

as the contraband was about to be seized, she swallowed it. We simply have not been given this information. Moreover, Ms. Wegner does not challenge that aspect of the case or the voluntariness of the giving of the sample, nor does she contend she did not know the substance was cocaine.

Rather, Ms. Wegner argues that once the cocaine is ingested, absorbed and metabolized by the human body and excreted as a metabolite in the urine, it is no longer in the "actual care, custody, control or management" of the defendant, pursuant to the requirements of *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987).

We have been cited to no Texas authority, nor have we found any, concerning the same factual situation. We are aware, however, of Texas cases involving the swallowing of balloons filled with heroin which ultimately passed through the defendant's body and are used as evidence, albeit the heroin in such a situation has not been metabolized into the body. *Alvarado v. State*, 744 S.W.2d 685 (Tex.App.—San Antonio 1988, no pet.). We also are aware of the reasoning of the Maryland Court of Appeals in *Anderson v. State*, 9 Md.App. 639, 267 A.2d 302 (1970). In a similar fact situation, the Maryland court determined "at least that he [the defendant] controlled so much of it [heroin] as he ingested into himself as evidenced by the fresh needle mark ..." *Id.* 267 A.2d at 305.

We are persuaded the test data is corroborative of the judicial confession. We hold the results of the urinalysis showing cocaine is sufficient evidence to support the voluntary plea of guilty when the defendant does not contest search and seizure, arrest, or the voluntariness of the giving of the sample, and affirmatively states in her stipulation she knew the substance was cocaine and she ingested[2] the substance into her body.

Accordingly, the judgment of the trial court is affirmed.

---

**2.** The ingestion of the dangerous substance is, of course, what the Penal Code seeks ultimately to deter.