In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-028 CR


____________________



CHARLES EDWARD STEWART, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 00-155561






OPINION


 After a jury found Charles Edward Stewart guilty of driving while intoxicated, the
trial court assessed punishment at a $700 fine and 180 days of confinement in the
Montgomery County Jail. The trial court suspended the jail sentence and placed Stewart
on community supervision for eighteen (18) months. 

 The three points of error raised on appeal relate to the denial of Stewart's motion
to suppress evidence. "Trial courts are the traditional finders of fact, and their
determinations of historical fact are entitled to deference." Manzi v. State, 88 S.W.3d
240, 244 (Tex. Crim. App. 2002). "We review the trial court's ruling for an abuse of
discretion, giving 'almost total deference to a trial court's determination of historical facts'
and reviewing de novo the court's application of the law of search and seizure." Welch
v. State, 93 S.W.3d 50, 53 (Tex. Crim. App. 2002) (quoting Guzman v. State, 955
S.W.2d 85, 88-89 (Tex. Crim. App. 1997)). Where the trial court did not make explicit
findings of historical fact, we review the evidence in a light most favorable to the trial
court's ruling. Welch, 93 S.W.3d at 53 (citing Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000)). If the parties consensually relitigated a suppression issue
during trial on the merits, we consider the relevant trial testimony in our review. Rachal
v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

 Point of error one contends, "The trial court erred by not granting defendant's
motion to suppress the evidence due to illegal search and seizure." Stewart's motion
invoked several state and federal constitutional provisions to challenge the legality of the
arrest and the admissibility of any written or oral statements, tangible evidence,
photographs, medical records, or other tangible evidence. The suppression hearing, which
was heard and ruled upon before the State began its case-in-chief and reconsidered after
both parties rested, focused exclusively upon the officer's failure to take Stewart before
a magistrate after taking him to a hospital for treatment of a suspected drug overdose. At
no point in the suppression hearing did Stewart challenge the search of his vehicle's trunk
on the ground that he had not given effective consent for its entry. (1) "An objection stating
one legal basis may not be used to support a different legal theory on appeal." Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Because the issue presented does
not comport with the specific grounds raised at trial, point of error one is overruled. 

 Point of error two contends, "The trial court erred by not granting the defendant's
motion to suppress the evidence due to defendant's Constitutional right against self
incrimination." In his argument on the point, Stewart contends that the police officer
brought Stewart to the hospital for the sole purpose of obtaining incriminating evidence to
support an illegal arrest. (2) He did not present this theory during the suppression hearing
conducted before the State commenced its case-in-chief. Rather, counsel conceded that "I
know he was sick." After the medical records had been admitted into evidence and the
parties rested on the guilt phase of the trial, defense counsel mentioned, in the course of
re-urging the motion to suppress, that "maybe he wasn't as sick as we thought he was."
Defense counsel made that statement as part of his argument that the officer should have
remained at the hospital to see if Stewart could have been transported to the magistrate. 
The subterfuge argument raised on appeal was not presented to the judge at the suppression
hearing. Again, the legal theory raised on appeal does not comport with the theory
presented at trial. Id. At any rate, the only evidence obtained from Stewart at the hospital
was non-testimonial in nature, and therefore not protected by the constitutional privilege
against self-incrimination. See Schmerber v. California, 384 U.S. 757, 763-65, 86 S.Ct.
1826, 16 L.Ed.2d 908 (1966); Olson v. State, 484 S.W.2d 756, 771-72 (Tex. Crim. App.
1969)(op. on reh'g). Finally, on examination by the prosecutor, the officer specifically
denied that he took Stewart to the hospital for the specific purpose of gathering evidence
against him. He further testified that Stewart was unable to stand up unsupported and was
unable to speak coherently or comprehend anything they were telling him, and that he
transported Stewart to the hospital because he felt that Stewart had overdosed and that his
condition might be life-threatening. Thus, the record supports an implied finding that the
officer did not employ a subterfuge to gather either testimonial or non-testimonial
evidence. Point of error two is overruled.

 Point of error three contends, "The trial court erred by not granting defendant's
motion to suppress the evidence because legal procedure was violated when the defendant
was placed under arrest and not brought before a magistrate under Article 15.17, DUTIES
OF ARRESTING OFFICER & MAGISTRATE." In addition to explaining why he
transported Stewart from Oak Ridge North to the hospital in neighboring Conroe for
emergency medical treatment, the officer also provided an explanation for leaving him
there. The stop occurred shortly before midnight. The officer stayed with Stewart at the
hospital until nearly 6:00 a.m. Stewart remained unconscious "most of the time." He was
given two doses of a drug that counteracts the effects of narcotics. At 6:00 a.m., the
doctor told the officer that the appellant would not be coherent or even conscious any time
soon. The officer advised the doctor that he would obtain a warrant and subpoena the
hospital records, and returned to the city where he was one of only two officers on duty.
The officer explained:

 When somebody has overdosed, yes, we leave them at the hospital
until they are released. Once he was released from the hospital, I had every
reason to believe he would be sober. He wasn't going to be a risk for
anyone at that point.

 I had no videotape, no Intoxilizer test. There was no physical
evidence at that point. There was no reason to wait around for who knows
how long and then take him to jail when we could subpoena the hospital
records and get a warrant. 


 At 7:00 a.m., the nurse assessing Stewart's condition noted, "Very lethargic. 
Slurred speech. States name, age, month and year. Confused to place. Requires repeated
stimulation to arouse." He was discharged at 10:25 a.m., with instructions not to drive
that day. 

 Article 15.17 applies to persons arrested under warrant. Tex. Code Crim. Proc.
Ann. art. 15.17 (Vernon Supp. 2003). The date of the offense was January 15, 2000. 
The arrest warrant was signed on April 25, 2000, but we cannot discern from the record
the dates on which the appellant was taken into custody and taken before a magistrate. Of
course, a person arrested without a warrant must also be taken before a magistrate for the
warnings described in Article 15.17. See Tex. Code Crim. Proc. Ann. art. 14.06
(Vernon Supp. 2003). A prompt determination of probable cause is a condition of any
significant pretrial restraint of liberty. Green v. State, 872 S.W.2d 717, 721 (Tex. Crim.
App. 1994). However, a failure to comply with Article 14.06 does not vitiate a search
made incident to a lawful arrest. Corbin v. State, 426 S.W.2d 238, 240 (Tex. Crim. App.
1968) ("[T]he purpose of taking an accused before a magistrate is for the magistrate to
give him the warnings and discharge the duties required by Art. 15.17 of the Code. Such
warnings are not prerequisite to the search of the person of the accused."). It is the illegal
detention due to the failure to carry the accused before a magistrate, not an illegal arrest,
that vitiates a confession. Smith v. State, 171 Tex. Crim. 313, 350 S.W.2d 344, 347
(1961). Absent a causal connection between the officer's failure to take the suspect before
a magistrate and the evidence obtained, the evidence is admissible against him. Cantu v.
State, 842 S.W.2d 667, 680 (Tex. Crim. App. 1992) (confession); Alvarado v. State, 744
S.W.2d 685, 686 (Tex. App.--San Antonio 1988, no pet.) (physical evidence).

 Clearly, the police officer released Stewart from custody before leaving the hospital.
Thus, the restraint terminated before the failure to take the accused before a magistrate
rendered any continued detention illegal. The trial court could have found that the urine
screen was taken for the purpose of providing medical treatment for a suspected overdose,
and the record contains no evidence obtained through police interrogation at the hospital. 
Absent a causal connection between the alleged statutory violation and the evidence sought
to be suppressed, the trial court did not err in denying the appellant's motion to suppress. 
Point of error three is overruled. The judgment is affirmed.

 AFFIRMED.

 

 PER CURIAM


Submitted on June 3, 2003

Opinion Delivered June 25, 2003

Do Not Publish 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The trunk contained vials of pharmaceutical products, including Soma, Neurontin,
Vicodin ES, Vicodin HP, Zantac, Halcion, Phenergan, Robaxin, Elavil, Ativan,
Augmentin, penicillin, Tenex, Valium, Restoril, Daypro, diphenhydramine, and ibuprofen.

2. The treating physician testified that Stewart tested positive for cocaine,
amphetamine, benzodiazepine (a controlled substance sold as the sleeping pill Restoril),
and opiates.